CHARLES CAREY, Claimant-Appellee, v. BRYAN & ROLLINS, Employer-Appellant.

(*October* 11, 1955.)

HERRMANN, J., sitting.

*Robert W. Tunnell* (of Tunnell and Tunnell) for claimant-appellee.

*Houston Wilson* for employer-appellant.

Superior Court for Sussex County, No. 115, Civil Action, 1953.

HERRMANN, J.:

The Industrial Accident Board awarded workmen's compensation to the claimant for injuries sustained by him when a pick-up truck, which he was driving, ran off the road and struck a telephone pole. According to the uncontroverted testimony of the claimant, he was driving in a 50 mile per hour zone at a speed of "better than fifty-five; 55, 65, something like that". While driving at that speed, the claimant attempted to light a cigarette and, in so doing, the cigarette dropped to the seat or the floor of the truck. The claimant reached down to search for and recover the cigarette, lost control of the vehicle and ran off the road into the pole. At the hearing before the Board, the claimant stated that he was "driving too fast" and that he "lost control" of the truck.

This case has been before this Court upon a prior appeal. See *Carey v. Bryan & Rollins*, 9 Terry 395, 105 *A*. 2d 201. The award of the Industrial Accident Board was there reversed and the case was remanded for the purpose, *inter alia*, of determination by the Board of the following questions:

"1) Did Carey violate the speed statute?

"2) Did Carey violate the Statute governing reckless driving?

"3) If he violated either or both of such Statutes, was the violation 'wilful'?

"4) If there was a wilful violation, was it the proximate cause of the accident?"

Upon the remand, the Board heard further evidence upon the intoxication issue involved in this case,[1] but the Board permitted no further evidence on the four questions above mentioned. The Board made its determination as to those questions upon the basis of the record of the original hearing. It was decided by the Board that (1) the claimant violated the speed statute but (2) this violation was not "wilful" and (3) the claimant did not violate the statute prohibiting reckless driving.

The portion of the Workmen's Compensation Statute involved here, being 19 *Del. C.* § 2353(b) derived from the 1935 *Code* ¶ 6106, provides as follows:

"(b) If any employee be injured as a result of his intoxication, or because of his deliberate and reckless indifference to danger, or because of his wilful intention to bring about the injury or death of himself, or of another, or because of his wilful failure or refusal to use a reasonable safety appliance provided for him, or to perform a duty required by statute, he shall not be entitled to recover damages in an action at law, or compensation or medical, dental, optometric or hospital service under the compensatory provisions of this chapter. The burden of proof under the provisions of this subsection shall be on the employer."

This appeal raises two principal questions for decision:
1) Was the claimant guilty of "wilful failure to perform a duty required by statute" such as to constitute a forfeiture of compensation rights under 19 *Del. C.* § 2353(b); or, as it might

---

[1]After obtaining the cross-examination on the intoxication issue made available to it by the prior decision of this Court, 105 *A.* 2d 201, the employer does not press any further assertion of error as to this issue.

be otherwise stated, does the violation of a penal motor vehicle statute, *per se*, constitute a "wilful failure" and forfeiture under § 2353(b)?

2) Did the Board err in refusing to permit further evidence on the four questions to be decided on the remand?

In the prior opinion in this case, this Court stated, 150 *A.* 2d 204:

"In view of the clear prohibition of the Statute, it is held that the claimant is not entitled to compensation if he wilfully violated the Motor Vehicle Law governing speed or reckless driving and if such violation was the proximate cause of the accident. *Aetna Life Ins. Co. v. Carroll,* 169 *Ga.* 333, 150 *S. E.* 208; *cf., King v. Empire Collieries Co.,* 148 *Va.* 585, 139 *S. E.* 478, 58 *A. L. R.* 193; *cf., Sloss-Sheffield Steel & Iron Co. v. Nations,* 236 *Ala.* 571, 183 *So.* 871, 119 *A. L. R.* 1403; 1 *Larson on Workmen's Compensation Law* § 35.10, *et seq.;* 6 *Schneider on Workmen's Compensation* § 1598, *et seq.*"

The word "wilful" is the key word in this case. That word, as used in the subsection of the Statute here involved, was considered by this Court in *Lobdell Car Wheel Co. v. Subielski,* 2 *W. W. Harr.* 462, 125 *A.* 462, 464. The Court there stated:

"The word 'willful' may be defined with a reasonable degree of satisfaction, although the definitions vary in some respects, depending somewhat upon the meaning intended to be conveyed by its use with other words. In the present statute we believe it was used to define an act done intentionally, knowingly, and purposely, without justifiable excuse, as distinguished from an act done carelessly, thoughtlessly, heedlessly or inadvertently."

There is no evidence in this case that the claimant intentionally and deliberately exceeded the speed limit or drove recklessly, knowingly and purposely, without justifiable excuse. The employer has the burden of proof under the forfeiture provisions of the Workmen's Compensation Statute. See 19 *Del. C.*

§2353(b). The employer has not been able to point to anything in the evidence which would compel the inference that the actions of the claimant were intentional, deliberate and "wilful". Most operators of motor vehicles have, at one time or another, found themselves driving at 60 or 65 miles per hour on the open highway carelessly, thoughtlessly and inadvertently, without conscious intention to exceed the speed limit.[2] While an inference of wilfulness might be the only reasonable inference to be drawn from such speed within city or town limits, no such inference is created where, as here, the speed limit was 50 miles per hour.

Similarly, no inference of deliberation or intention, or conscious indifference to consequences, is compelled by the fact that, while driving along the open highway, the claimant reached down to recover the cigarette he had started to light. It is common knowledge that drivers often do this as a matter of reflex action and impulse, carelessly and thoughtlessly but without conscious intention, to prevent burns to the person, clothing or upholstery. This may be folly and negligence when driving at 60 miles per hour but, as a matter of law, it does not constitute "wilful" reckless driving in the absence of some evidence of deliberation.[3]

The employer contends that a violation of a penal statute, such as the motor vehicle statute prohibiting speeding and reckless driving, in and of itself constitutes a "wilful failure to perform a duty required by statute" and a forfeiture of compensation rights under the provisions of § 2353(b). The employer places principal reliance upon *Aetna Life Ins. Co. v. Carroll*, 169 *Ga.* 333, 150 *S. E.* 208, 211. In that case, the Supreme Court of Georgia held that violation of a penal statute, such as the motor vehicle speed law, in and of itself constituted "willful

---

[2]A similar statement was made by this Court in 1936 in *Gallegher v. Davis*, 7. *W. W. Harr.* 380, 183 A. 620, 623. The statement is much more cogent when applied to modern motor vehicles.

[3]Nothing herein contained pertains to the essential elements of the criminal offense of reckless driving under 21 *Del. C.* § 4123.

misconduct" and "willful failure \* \* \* to perform a duty required by statute" so as to bar rights under the Georgia Workmen's Compensation Statute.

The *ratio decidendi* of the case is that an employer should not be compelled to compensate an employee for his injury, or his dependents for his death, caused by the employee's violation of a criminal statute. I find the rule of the Carroll case to be unacceptable for the following reasons: (1) That case deals with the construction of the words "willful misconduct" which do not appear in the Delaware statute although, in other respects, the pertinent provision of the Georgia statute is almost identical with ours. (2) In Delaware, violation of a penal motor vehicle statute, without more, constitutes negligence *per se*. It is settled that negligence alone will not defeat recovery of workmen's compensation. (3) There is such conflict and confusion among the various statutes and decisions relating to this phase of the law of workmen's compensation, precedents from other jurisdictions are of little value. Compare *King v. Empire Collieries Co.*, 148 *Va*. 585, 139 *S. E.* 478, 479, 58 *A. L. R.* 193. The only reasonable course, therefore, is to confine ourselves to the precise language of our Statute and an attempt to determine the intention of our Legislature. (4) I find the rule of the *Carroll* case to be unacceptably harsh when considered in the light of the humanitarian pusposes of the Workmen's Compensation Law. It does not seem consonant with the spirit of such legislation to hold that a forfeiture of all rights of compensation may result from an inadvertent and unintentional violation of a traffic law.

Other cases cited by the employer are found to be of no assistance for one or more of the same reasons. See *Gooseby v. Pinson Tire Co.*, 65 *Ga. App.* 837, 16 *S. E.* 2d 767; *Fidelity & Deposit Co. of Maryland v. Industrial Accident Commission*, 171 *Cal.* 728, 154 *P.* 834, *L. R. A.* 1916D, 903; *Hall v. Kendall*, 81 *Ga. App.* 592, 59 *S. E.* 2d 421; *Gregory v. McKesson & Robbins, Inc., Fla.*, 54 *So.* 2d 682; *Price v. Reed*, 114 *Ind. App.* 253, 51 *N. E.* 2d 86.

It is held that violation of a penal motor vehicle statute does not, *per se*, constitute a "wilful failure to perform a duty required by statute" and forfeiture under 19 *Del. C.* § 2353(b) and that, in order to invoke the forfeiture provisions of the Workmen's Compensation Law, the employer has the burden of proving by a preponderance of the evidence that the violation of the statute was "wilful", *i. e.*, intentional and deliberate and not just careless and inadvertent. In the instant case, the employer was unable to make such a showing either by direct or circumstantial evidence.

I find no reversible error in the action of the Board denying a second hearing upon the issues of speed and reckless driving. As to these issues, the case was remanded to the Board for the "purpose of enabling the Board, as the trier of fact, to complete the record by deciding the foregoing questions and by announcing conclusions in accordance with its findings." See 105 *A.* 2d 204. In compliance with this mandate, the Board was not obliged to grant a trial *de novo*. It had before it the evidence adduced at the original hearing and, evidently, it considered that it had heard sufficient evidence to enable it to make the required determinations. The employer was in no way limited at the first hearing regarding the issues of speed and reckless driving and it was not entitled to a second trial of those issues. In this connection, it is to be noted that 19 *Del. C.* § 2348(d) provides:

"(d) Whenever a cause shall be remanded to the Board for a rehearing, all evidence theretofore taken before the Board in a previous hearing or hearings shall become part of the evidence in the hearing upon the remand."

I find no reversible error in the proceedings of the Industrial Accident Board and, therefore, the award to the claimant will be affirmed.

A certified copy of this opinion will be filed forthwith by the Prothonotary with the Industrial Accident Board.