ZALLEA BROTHERS and UNITED STATES FIDELITY AND GUARANTY COMPANY, a corporation of the State of Maryland, Appellants, v. WILLIE JAMES COOPER, Appellee.

(*December* 22, 1960.)

CHRISTIE, J., sitting.

*James J. Walsh* for appellants.

*Oliver V. Suddard* (of Wise and Suddard) for appellee.

Superior Court for New Castle County, No. 187, Civil Action, 1960.

CHRISTIE, J.:

This is an appeal from a decision of the Industrial Accident Board of Delaware, which awarded compensation to an employee on account of an employment-incurred aggravation of a pre-existing medical condition.

The claimant, Willie James Cooper, was first employed by Zallea Brothers on April 29, 1954, as a cleaner of aluminum joints. This job lasted approximately five months. Claimant was then laid off for four months. He was rehired by Zallea Brothers as a sandblaster on or about February 1, 1955. He

worked 8 hours per day on that job and remained in that capacity, without interruption, until October of 1957. No ill effects from sandblasting were noticed by the claimant until a few months prior to October 7, 1957. At that time Cooper complained to his foreman that he felt sick, had difficulty in breathing and became fatigued easily. Claimant stopped working with the appellant on October 7, 1957, because his shortness of breath made it impossible for him to continue any longer as a sandblaster.

Claimant's work involved the use of a rubber hose, out of which sand was forced under pressure so as to remove rust from iron. Although a rubber helmet and a breathing apparatus, known as a respirator, was provided by the appellant to eliminate the hazard of breathing in dust particles, Cooper was sometimes forced to remove the helmet because of inhalation of oil fumes from the air compressor. This was done with the consent and knowledge of the appellant's foreman.

The Industrial Accident Board found a causal connection between the kind of work done by claimant and the disability. An award was made based on such finding, upon the theory that the claimant had incurred a compensable occupational disease.

The appellant argues that the Board's decision is unsupported by the evidence, against the weight of the evidence and is contrary to the law.

The medical testimony indicates that claimant was suffering from a disease known as Boeck's Sarcoid. Boeck's Sarcoid, according to medical opinion, is a disease of unknown etiology characterized by granulomatous lesions, resembling tubercles, but showing no necrosis. It is not confined to the lungs but frequently is found in various other parts of the body. The usual symptoms of Boeck's Sarcoid include shortness of breath and overall fatigue. The medical opinion ex-

pressed by the doctors in this case indicates that the cause of this disease as it here occurred is unknown.

It is clear that Boeck's Sarcoid, as such, is not an occupational disease causally related to or peculiar to sandblasting as an occupation.

Although Boeck's Sarcoid is not an occupational disease, it does not necessarily follow that a compensable occupational disease does not exist when there has been an employment-incurred aggravation of pre-existing Boeck's Sarcoid. As I view the holding below, the Industrial Accident Board did not base its decision on a finding that Boeck's Sarcoid was an occupational disease as such. Rather it held that Cooper's disability was the result of an aggravation of a pre-existing condition and that such aggravation was compensable as an occupational disease.

■ There is sufficient medical testimony in the record to support a finding that Cooper's employment caused aggravation of a pre-existing disease, Boeck's Sarcoid.

Whether workmen's compensation may be awarded for aggravation of a pre-existing disease is an open question in Delaware. *General Chemical Division, Allied Chemical & Dye Corp. v. Fasano*, 1953, 8 *Terry* 546, 94 *A.* 2d 600 (note 2).

However, it is clear that a disability caused partly by an occupational disease and partly by another pre-existing disease is compensable to the extent that such disability is reasonably attributable to the occupational disease. 19 *Del. Code*, § 2329.

Since there was no specific accident in this case, the award here made must be for an occupational disease if it is to have a legal basis under our statute.

■ Is there legal justification for a holding that the aggravation of a pre-existing condition is a compensable occupational disease?

The statutory definition of the term is not helpful since it does not spell out the meaning of the words. It reads as follows:

" 'Compensable occupational diseases' includes all occupational diseases arising out of and in the course of employment only when the exposure stated in connection therewith has occurred during the employment and the disability has commenced within 5 months after the termination of such exposure." 19 *Del. Code*, § 2301.

The original Workmen's Compensation Statute in Delaware made no provision for compensation on account of occupational diseases. 30 *Del. Laws*, Ch. 203 (1918). In 1937 the statute was amended to allow compensation for 12 listed occupational diseases. 41 *Del. Laws*, Ch. 241 (1937). In 1949 the General Assembly struck out the list of occupational diseases and redefined "compensable occupational diseases" to include all occupational diseases arising out of and in the course of employment, subject to certain limitations. 47 *Del. Laws*, Ch. 270 (1949), now 19 *Del. Code*, § 2301, as quoted supra. Thus, there has been a legislative trend in Delaware toward enlarging the scope of the phrase "compensable occupational diseases". However, such trend does not resolve the issue before the Court.

Among other States which have somewhat similar statutes, there is a difference of opinion as to whether the phrase "occupational disease" as used in the Workmen's Compensation Statutes refers *only* to diseases usually associated with a particular occupation or to any disease peculiar to the occupation or not which in fact has been caused by the claimant's conditions of work.

In New Jersey it has been held in well-reasoned opinions that the aggravation of a pre-existing physical condition is compensable as an occupational disease, if the particular conditions of employment in fact caused the disability. *Giam-*

*battista v. Thomas A. Edison,* 1954, 32 *N. J. Super.* 103, 107 *A.* 2d 801; *Reynolds v. General Motors Corp.,* 1955, 38 *N. J. Super.* 274, 118 *A.* 2d 724; *Duncan v. T. I. McCormack Trucking Co.,* 1956, 43 *N. J. Super.* 352, 128 *A.* 2d 722; *Peraino v. Forstmann Woolen Co.,* 1959, 57 *N. J. Super.* 1, 153 *A.* 2d 716. See also *Grain Handling Co., Inc. et al. v. Sweeney, et al.,* 1939, 102 *F.* 2d 464, *certiorari* denied 308 *U. S.* 570, 60 *S. Ct.* 83, 84 *L. Ed.* 478; *Larson, Workmen's Compensation* (1952), § 41.60 and 99 *C. J. S. Workmen's Compensation* § 169, p. 576.

On the other hand, a similar line of cases in New York was abruptly reversed when the Court of Appeals reached an opposite conclusion in *Detenbeck v. General Motors Corp.,* 1956, 309 *N. Y.* 558, 132 N. E. 2d 840. In that case, it was held that an aggravation of a pre-existing back condition was not an occupational disease since the nature of the employment was not such as to have a tendency to induce a similar disability in the average workman. In a vigorous dissent, it was pointed out that the majority decision was contrary to a prior line of recent New York cases where it had been held that if the occupation itself caused the disability, an occupational disease may be found to exist even if the employee brought within himself a pre-disposition to such disability not shared by other employees and even if the disease was not otherwise usually and specifically associated with the occupation.

The lower courts in New York in some of their later opinions have so interpreted the *Detenbeck* decision as to limit its scope. *Bazzini v. Washburn Wire Company,* 1959, 8 *A. D.* 2d 556, 183 *N. Y. S.* 2d 515; *Wildermuth v. B. P. O. Elks Club,* 1958, 5 *A. D.* 2d 911, 170 *N. Y. S.* 2d 874; *Ciampa v. Tripp Plating Co.,* 1956, 3 *A. D.* 2d 621, 158 *N. Y. S.* 2d 18.

I am of the opinion that the better rule is that a disability which arises out of or is aggravated by particular conditions of employment may be treated as an "occupational

disease", under the broad wording of a statute which does not require a more limited interpretation of the phrase. 1 *Larson, Workmen's Compensation*, § 41.60, p. 612.

A broad interpretation of the coverage of provisions of the Delaware statute is in keeping with the basic purpose of the Workmen's Compensation Statutes. See *Children's Bureau of Delaware v. Nissen*, 1942, 3 *Terry* 209, 29 *A*. 2d 603.

■ Appellants argue that the evidence does not support a finding that an "accident" occurred. In many States an award might be justified under facts similar to those of the case at bar, upon a finding that the disability was caused by an "accident" or a series of accidents. *Weimer v. Sauder Tank Co.*, 1959, 184 *Kan*. 422, 337 *P*. 2d 672; *Clemm v. Frank Morrow Co., R. I.* 1959, 153 *A*. 2d 557; *Gillette v. Harold, Inc.*, 1960, 257 *Minn*. 313, 101 *N. W.* 2d 200. 1 *Larson's Workmen's Compensation*, § 12.20; 99 *C. J. S. Workmen's Compensation*, §§ 170, 175. See also 42 *Cal. Law Rev.* 545, footnotes 94, 95. Compare *Belber Trunk & Bag Co. v. Menesy*, 1953, 8 *Terry* 595, 96 *A*. 2d 341.

As I have indicated, I see no justification under the facts and the Delaware cases for holding that the disability was caused by accident or injury. However, under the view which I have taken of the applicable law, it is unnecessary to decide whether the disability could also be deemed to have been so caused.

The Board's findings do not designate what portion of the disability is attributable to occupational disease and what portion to the pre-existing condition. The statute requires such apportionment. 19 *Del. Code*, § 2329.

The record will be remanded to the Board with instructions to reopen the case for proper determination of apportionment under section 2329. In all other respects the findings of the Industrial Accident Board are affirmed.