FRANCIS C. LAMBERT'S (dependants') CASE. December 3, 1973. A decree of the Superior Court ordered compensation benefits paid to the employee's widow. The case had come before the Industrial Accident Board on the theory that the employee's death by suicide was the result of a series of back injuries sustained out of and in the course of his employment, which generated a psychosis. A single member of the board in a decision finding no causal connection denied and dismissed the claim. The reviewing board upon consideration of all the evidence reversed the decision of the single member. A medical expert had testified that a causal relationship existed between the industrial injuries on which the deceased employee had received compensation from the self-insurer and because of which he retired and the psychosis which produced his act of suicide. This evidence, if believed, disposes of the case. General Laws c. 152, § 26A, inserted by St. 1937, c. 370, § 2, allows recovery by dependants for death by suicide "if it be shown by the weight of the evidence that, due to the injury, the employee was of such unsoundness of mind as to make him irresponsible for his act of suicide." The board is free to reverse the determination of the single member if the reversal is supported by any substantial evidence, and its decision is final and supersedes the finding of the single member. *Ritchie's Case,* 351 Mass. 495, 496 (1966). The decision of the board is to stand unless it is unsupported by the evidence, or tainted by error of law. *Haley's Case,* 356 Mass. 678, 680 (1970), and cases cited therein. There was sufficient evidence here and no error of law.

*Decree affirmed.*

*Philip F. Grogan,* Town Counsel, for the self-insurer.
*Bernard T. Loughran* for the claimant.


DORIS R. TONEATTI & another *vs.* ALICE J. BARTELAMIS & another. December 10, 1973. This is an appeal, pursuant to G. L. c. 231, § 109, from an order of the Appellate Division of the District Courts, Southern District, dismissing a report by a District Court judge after trial of an action of tort which arose from an intersection collision of automobiles. The defendants claim error in the judge's denial of several of their requests for rulings which asserted in substance that the evidence did not warrant findings for the plaintiffs. Our examination of the report shows that the judge found facts which were warranted on the evidence and supported his findings for the plaintiffs, and the order of the Appellate Division dismissing the report was therefore correct. For that reason we are not concerned with the legal reasoning expressed by the Appellate Division in reaching its conclusion (cf. *Amsler* v. *Quincy,* 297 Mass. 115 [1937]; *Burns* v. *Winchell,* 305 Mass. 276 [1940]) and therefore we need not consider the defendants' arguments as to that reasoning.

*Order dismissing report affirmed.*

*David W. Woods* for the defendants.
*Richard H. Bamberg* for the plaintiffs.