49821. McDONALD v. ATLANTIC STEEL COMPANY.

Deen, Judge.

1. No workmen's compensation is allowable for the

employee's intentionally self-inflicted injury. Code § 114-105.

2. Although suicide is by definition death self-inflicted, suicide does not ipso facto preclude compensation where injury is its proximate cause; that is, where it is caused by severe pain and despair proximately resulting from the accident sufficient to cause a disturbance of the mind and the overriding of normal judgment to the extent that the act, although "purposeful" is found to be not "intentional." *Bullington v. Aetna Cas. &c. Co.*, 122 Ga. App. 842 (178 SE2d 901). Under this view "one whose mind has become devoid of normal judgment and dominated by a mental disorder caused by a work connected injury cannot be said to have 'wilfully' committed the act of self destruction within the meaning of the statutory prohibition." 15 ALR3d, Anno., pp. 616, 648; Prentiss Truck & Tractor Co. v. Spencer, 228 Miss. 66 (87 S2d 272, 88 S2d 99); Voris v. Texas Employers Ins. Assn., 190 F2d 929; Whitehead v. Keene Roofing Co., (Fla.) 43 S2d 464.

3. Under the facts here the employee, two years after a disabling back injury and within a month of permanent retirement and the information that he had a choice between a risky operation and loss of his legs, shot and killed himself with his own gun. He was also in generally bad health because unrelated heart and lung conditions, and the evidence of depression, while strong, does not demand a finding of mental or emotional disorder sufficient to impair his judgment. The hearing director specifically found "no evidence of mental incapacity." While we emphasize that for the claimant widow to carry the burden in such a case she need not prove insanity by either civil or criminal standards, but causation at least must be established. There may well be a decision in extraordinary circumstances to kill oneself as a form of euthenasia. If it can be clearly shown that "but for the accident the deed would not have been done," that the employee was driven to take his life by the injury inflicted, then Code § 114-105 would not be an insuperable barrier to recovery. This is almost always a question of fact. The deputy director also found that the employee's heart and lungs were medically listed as the

primary problems, and the back incidentally so. The award denying compensation was supported by sufficient evidence.

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*

ARGUED OCTOBER 1, 1974 — DECIDED OCTOBER 11, 1974 — REHEARING DENIED OCTOBER 24, 1974.

*J. C. Rary, Jack Dorsey,* for appellant.
*Jones, Bird & Howell, Arthur Howell, III,* for appellee.