**DELAWARE TIRE CENTER,**
**Employer-Appellant,**

v.

**Louise M. FOX for Earl A. Fox, Jr.,**
**Claimant-Appellee.**

Superior Court of Delaware,
New Castle County.

Submitted Feb. 6, 1979.
Decided March 22, 1979.

Alfred M. Isaacs of Flanzer & Isaacs, Wilmington, for employer-appellant.

Oliver V. Suddard, Wilmington, for claimant-appellee.

BIFFERATO, Judge.

This is an appeal by the employer from a decision rendered by the Industrial Accident Board which awarded compensation to the dependents of an employee who committed suicide.

On April 13, 1973 the decedent, Earl A. Fox, Jr., suffered a compensable industrial injury. Due to the pain he was experiencing, the decedent was unable to return to work and, on June 8, 1977, he died of a self-induced multi-drug overdose which resulted in acute respiratory failure.

In February, 1977, Dr. Pierre LeRoy referred Mr. Fox to Dr. Irwin Weintraub. This referral was initiated by Dr. LeRoy's concern that psychological factors might be contributing to Fox's disability and inability to overcome the pain and incapacitation from which he was suffering.

In his examination of the decedent, Dr. Weintraub found that Fox suffered, before

and after the accident, from depression, anxiety and a feeling of being incapable of fulfilling the responsibility of providing for his family. Dr. Weintraub also testified that Fox had a drinking problem and that sometime in 1975 the decedent attempted suicide. He further stated that the accident of April 13, 1973 caused an emotional disorder by which Fox was incapacitated by an exaggerated depression which was due to the pain he was suffering and his inability to work. Dr. Weintraub opined that this mental condition precluded Fox's ability to reason clearly, work effectively and feel secure. He also stated that the injury was a cause of Fox's suicide, but that he had the capacity to commit suicide willingly and knowingly.

Basing its decision on the testimony of Dr. Weintraub, the Board found that decedent's act of suicide was the result of an uncontrollable impulse. It believed that Fox's state of continuous pain coupled with anxiety and depression deprived him of the ability to understand or appreciate the consequences of his death. Upon those findings, the Board granted an award to the claimant.

Delaware Tire urges this Court to reverse the Board's findings because 19 *Del.C.* § 2353(b) bars the claim and that the findings were not based on substantial evidence.

19 *Del.C.* § 2353(b) states:

"(b) If any employee be injured as a result of his intoxication, because of his deliberate and reckless indifference to danger, because of his wilful intention to bring about the injury or death of himself or of another, because of his wilful failure or refusal to use a reasonable safety appliance provided for him or to perform a duty required by statute, he shall not be entitled to recover damages in an action at law or to compensation or medical, dental, optometric, chiropractic or hospital service under the compensatory provisions of this chapter. The burden of proof under this subsection shall be on the employer."

■■ In this section "wilful" has been defined as an act done intentionally, know-

ingly and purposely without justifiable excuse. *Carey v. Bryan & Rollins,* Del.Super., 10 Terry 387, 49 Del. 387, 117 A.2d 240 (1955); *Lobdell Car Wheel Co. v. Subielski,* Del.Super., 2 W.W.Harr. 462, 32 Del. 462, 125 A. 462 (1924). The question of wilfulness is a conclusion of fact and law which has been held to be reviewable in this Court. *Id.*

No Delaware court has had the opportunity to set forth a standard to determine if a suicide is wilful within the meaning of the statute.

Appellant claims that the majority rule on this matter derives from *In Re Sponatski,* Mass.Supr., 220 Mass. 526, 108 N.E. 466 (1915). The *Sponatski* rule allows compensation for suicide where, as the result of a physical injury, the workman was possessed of an uncontrollable impulse to commit suicide or was in a delirium of frenzy, that he did not consciously intend to kill himself, and that he did not realize the consequences of his act of self-destruction. See, *Konazewska v. Erie R. Co.,* N.J.Supr., 132 N.J.L. 424, 41 A.2d 130, aff'd 133 N.J.L. 557, 45 A.2d 315 (1946); *Blasczak v. Crown Cork & Seal Company, Inc.,* Pa.Super., 193 Pa.Super. 422, 165 A.2d 128 (1960).

This rule has been denounced in a number of jurisdictions in recent years. The thrust of the criticism centers about *Sponatski's* failure to take into account the role which pain or despair may play in breaking down a rational mental process. *Graver Tank & Manufacturing Company v. Industrial Commission,* Ariz.Supr., 97 Ariz. 256, 399 P.2d 664 (1965); *Harper v. Industrial Commission,* Ill.Supr., 24 Ill.2d 103, 180 N.E.2d 480 (1962); Annot., 15 A.L.R.3d 616, 633 (1967).

In addition, recovery under this rule has, in many cases, depended upon the act used to commit suicide. Compensable cases are frequently marked by some violent or eccentric method of self-destruction, while the noncompensable ones usually present a quiet, but ultimately unbearable, agony leading to a solitary and undramatic suicide. 1A Larson, *Workmen's Compensation Law,* § 36.21 (1978).

Furthermore, the requirements which must be met to recover for a suicide closely parallel the *M'Naghten* Rule. Allowing recovery in workmen's compensation cases to depend on a standard closely akin to insanity in criminal law undercuts the primary purpose of workmen's compensation statutes. A broad, not narrow, interpretation of the coverage of the provisions of the Delaware Workmen's Compensation Act is in keeping with the basic purpose and spirit of its enactment. See, *Zallea Brothers v. Cooper,* Del.Super., 3 Storey 168, 166 A.2d 723 (1960); *Children's Bureau of Delaware v. Nissen,* Del.Super., 3 Terry 209, 29 A.2d 603 (1942).

The trend in jurisdictions having statutes precluding recovery if an injury or death is wilfully self-inflicted is to apply a chain of causation test; that is, "but for" the injury the suicide would not have occurred. In applying this test, death by suicide would be compensable if it is caused by severe pain and despair which proximately results from a compensable accident, and is of such a degree so as to override normal and rational judgment. · A suicide committed under such circumstances cannot be said to be "intentional" even though the act itself may be volitional. *Graver Tank & Manufacturing Company v. Industrial Commission, supra; Burnight v. Industrial Accident Commission,* Cal.App., 181 Cal.App.2d 816, 5 Cal.Rptr. 786 (1960); *Jones v. Leon County Health Department,* Fla.Supr., 335 So.2d 269 (1976); *McDonald v. Atlantic Steel Company,* Ga.App., 133 Ga.App. 157, 210 S.E.2d 344 (1974); *Harper v. Industrial Commission, supra; Saunders v. Texas Employers' Insurance Association,* Tex.Supr., 526 S.W.2d 515 (1975); *Petty v. Associated Transport, Inc.,* N.C.Supr., 276 N.C. 417, 173 S.E.2d 321 (1970); *Brenne v. Department of Industry, Labor & Human Relations,* Wis. Supr., 38 Wis.2d 84, 156 N.W.2d 497 (1968).*

The chain of causation test is the better and more reasonable rule and it should be adopted in Delaware. Recovery would be allowed if the suicide were occasioned by pain and despair arising out of a compensable injury and is of such a degree so as to impair normal thought processes. In such a situation a suicide is not "wilful" within the meaning of 19 *Del.C.* § 2353(b).

Applying this standard to the case at bar, the evidence adequately supports the Board's finding that Fox's suicide was not wilful.

In examining Fox's history, it cannot be doubted that he suffered from depression and anxiety even before his accident. However, the presence of these disorders at that time should not preclude recovery as appellant urges. In spite of these problems, the decedent was still able to cope with life, although only marginally. No evidence was produced to indicate that Fox possessed suicidal tendencies prior to the accident, and, in fact, his first suicide attempt occurred approximately two years after his injury. Before this, the decedent was able to cope with the death of his mother with whom he felt very close, and the birth of a daughter with a severe genetic defect. These facts bolster the findings of the Board that the urge to commit suicide appeared only after decedent's disabling injury and that his suicide would not have occurred in its absence.

Delaware Tire points out that Dr. Weintraub testified that Fox could wilfully and knowingly commit suicide and, therefore, recovery should be denied under any standard.

Viewing Dr. Weintraub's testimony as a whole, this statement appears to contradict his earlier opinion where he stated that the pain and depression produced by the injury impaired the decedent's ability to think clearly. It was the Board's duty, as finder of fact, to decide which aspect of the witness' testimony was correct and this Court should not substitute its judgment nor disturb the findings if they are supported by substantial evidence. *Unemployment Insurance Appeal Board v. Duncan,*

---

* It is interesting to note that in Massachusetts, where the *Sponatski* rule originated, the Workmen's Compensation Act was amended in 1937 to allow for recovery under the chain of causation test. See, *Lambert's Case,* Mass.Supr., 364 Mass. 832, 304 N.E.2d 428 (1973).

Del.Supr., 337 A.2d 308 (1975); *Avon Products, Inc. v. Lamparski,* Del.Supr., 293 A.2d 559 (1972).

The testimony elicited from Dr. Weintraub, when examined in its entirety, is substantial competent evidence which supports the Board's findings.

IT IS SO ORDERED.