**DELAWARE TIRE CENTER, Employer Below, Appellant,**

v.

**Louise M. FOX for Earl A. Fox, Jr., Claimant Below, Appellee.**

Supreme Court of Delaware.

Submitted Sept. 21, 1979.

Decided Jan. 29, 1980.

Alfred M. Isaacs, of Flanzer & Isaacs, Wilmington, for employer-appellant.

Oliver V. Suddard, Wilmington, for claimant-appellee.

Before McNEILLY, QUILLEN and HORSEY, Justices.

QUILLEN, Justice:

In this appeal, brought by employer Delaware Tire Center challenging an award of workmen's compensation death benefits to the widow of Earl A. Fox, Jr., it is contended that the decedent's suicide was an intentional act of self-injury and coverage must be denied under 19 *Del.C.* § 2353(b).* The Industrial Accident Board allowed benefits and the Superior Court, in a thorough and thoughtful opinion by Judge Bifferato, affirmed the Board's award. *Delaware Tire Center v. Fox*, Del.Super., 401 A.2d 97 (1979).

■ While, due to statutory variations in the several states, we hesitate to make a thumbnail characterization of the appropriate legal test, we endorse the following language from the Superior Court opinion. We substitute the statutory phrase "wilful intention" for the word "intentional" which was used by the Court below.

". . . [D]eath by suicide would be compensable if it is caused by severe pain and despair which proximately results from a compensable accident, and is of such a degree so as to override normal and rational judgment. A suicide committed under such circumstances cannot be said to be [a death of wilful intention] even though the act itself may be volitional."

■ The magnified statutory phrase "wilful intention" suggests more than a simple act of volition. Common experience demonstrates the effect of serious injury, pain, depression and despair, and the medications prescribed for them, can influence one's thinking and override one's will, to the end that suicide, though undertaken with knowledge of its nature and consequences, is not an act of the free will but rather a direct product of the incapacity. This influential effect should be recognized in our Workmen's Compensation law, a remedial statute with a benevolent purpose long subject to liberal construction. *Children's Bureau v. Nissen*, Del., 3 Terry 209, 29 A.2d 603 (1942); *Mosley v. Bank of Delaware*, Del., 372 A.2d 178 (1977).

■ The Superior Court correctly found that the record justifies affirmance of the award. While the Industrial Accident Board perhaps used a different legal standard with its reference to "uncontrollable impulse", it is clear from the Board's summation of the expert testimony that it felt "the industrial accident was *the* precipitating factor that triggered the deceased's suicide" (emphasis added) and Judge Bifferato's factual analysis accurately amplified the findings of the Board. *Delaware Tire Center v. Fox, supra*, 401 A.2d at 100. We think it clear that the Board's findings justify the award under the legal test quoted above, that those findings are supported by substantial evidence in the record and that affirmance by the Superior Court and this Court is correct under the long established standard of review. *General Motors v. Freeman*, Del., 3 Storey 74, 164 A.2d 686 (1960). Since, under our view of the case, it is possible for the decedent to be aware of the nature and consequences of the suicide and still have the suicidal act proximately caused by the accident and its overriding effect, we do not find the expert testimony required a different conclusion by the factfinder.

The judgment of the Superior Court is affirmed.

* 19 *Del.C.* § 2353(b) provides:
"§ 2353. Forfeiture of right to compensation.
\* \* \* \* \* \*
"(b) If any employee be injured as a result of his intoxication, because of his deliberate and reckless indifference to danger, because of his wilful intention to bring about the injury or death of himself or of another, because of his wilful failure or refusal to use a reasonable safety appliance provided for him or to perform a duty required by statute, he shall not be entitled to recover damages in an action at law or to compensation or medical, dental, optometric, chiropractic or hospital service under the compensatory provisions of this chapter. The burden of proof under this subsection shall be on the employer."