WILLIAM MCCARTHY'S (dependent's) CASE.

No. 89-P-253.

Middlesex. December 13, 1989. - January 11, 1990.

Present: KASS, CUTTER, & FINE, JJ.

*Workmen's Compensation Act*, Injuries to which act applies, Emotional distress. *Unsound Mind.*

A dependent seeking recovery under the workers' compensation act for her husband's suicide failed to meet her burden under G. L. c. 152, § 26A, of proving the employee's unsoundness of mind at the time of the suicide, in the absence of any evidence of unsoundness of mind apart from the suicide itself. [214-216]

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board.

The case was heard by *Edward M. Ginsburg*, J., sitting under statutory authority.

*William C. Geary* for the claimant.

FINE, J. This is an appeal by the deceased employee's widow from a judgment of the Superior Court denying compensation to her under G. L. c. 152, the workers' compensation act. The judgment affirmed the decision of the reviewing board, which had affirmed and adopted the findings and decision of the single member. We affirm the judgment of the Superior Court.

According to the single member's subsidiary findings of fact, the employee, on the evening of September 27, 1979, committed suicide by hanging. The incident occurred in his home. During the course of the evening, the employee conducted himself in a routine manner. He had been working in his basement on projects such as rebuilding motors and small appliances. He left behind a note addressed to his daughter which included the following postscript: "Jen, sue Marshall's

& Mr. [Stone].[1] Mr. [Stone] put your dad through hell on earth. He harassed me since 1975. Four long years of hell." Marshall's is the employer in this case. The employee was a district manager, and Stone was his supervisor during the four years prior to his death. The employee had had a number of differences with Stone at work. The employee had also experienced some serious health and personal problems during the same period. He continued to be employed at Marshall's until the date of his death.

In order to recover under the workers' compensation act for her husband's suicide, the claimant was required to show three things. First, she had to show that her husband suffered "a personal injury arising out of and in the course of his employment." G. L. c. 152, § 26. See *Kelley's Case*, 394 Mass. 684 (1985). Next, the claimant had to demonstrate a causal connection between the injury and her husband's suicide. *Fitzgibbons's Case*, 374 Mass. 633, 635-637 (1978). Finally, the claimant had to prove "that, due to the injury, the employee was of such unsoundness of mind as to make him irresponsible for his act of suicide." G. L. c. 152, § 26A, inserted by St. 1937, c. 370, § 2. See *Lambert's Case*, 364 Mass. 832 (1973).

The single member, the reviewing board, and the judge in the Superior Court, all based denial of compensation on the absence of expert testimony to establish a causal connection between the employee's injury and his suicide, a matter viewed as one not within the common knowledge or experience of a layperson. See *Oberlander's Case*, 348 Mass. 1, 5 (1964); *Fitzgibbons's Case*, 374 Mass. at 635. We need not reach either the issue whether expert testimony was required to prove causation or the issue whether the employee suffered a personal injury arising out of and in the course of his employment. This is because of the claimant's failure to meet her burden under G. L. c. 152, § 26A, to show the employee's unsoundness of mind at the time of his suicide.

---

[1] We use a pseudonym.

The claimant, a nurse with a "professional awareness" of psychological problems, relied exclusively upon the suicide and the suicide note to prove that her husband was of an unsound mind. She testified, however, that, prior to the suicide, her husband had exhibited no signs of any psychological problems.

General Laws c. 152, § 26A, was intended to make it easier for a dependent to recover compensation in the event of an employee's suicide than it had been under the prior law. See *Oberlander's Case*, 348 Mass. at 5 n.1; Locke, Workmen's Compensation § 225 (2d ed. 1981). See generally, 1A Larson, Workmen's Compensation Law § 36 (1985). Before the effective date of the statute, the Supreme Judicial Court required a claimant, in order to recover compensation for an employee's suicide, to prove that a work-related personal injury caused "an insanity of such violence as to cause the victim to take his own life through an uncontrollable impulse or in a delirium of frenzy 'without conscious volition to produce death . . . .' " *Sponatski's Case*, 220 Mass. 526, 530 (1915). See *Tetrault's Case*, 278 Mass. 447, 448 (1932); *Ruschetti's Case*, 299 Mass. 426, 428 (1938).

Although it may no longer be necessary for a claimant to prove that the employee's suicide was the result of a "violent" insanity and an uncontrollable impulse, and also that it was without conscious volition to produce death, there still must be a basis for a finding of "such unsoundness of mind as to make him irresponsible for his act of suicide." G. L. c. 152, § 26A. It may be that, depending on the facts, expert testimony relating to the employee's mental condition will not be required in every case. Here, however, there was an absence of any indication of unsoundness of mind apart from the suicide itself. The content of the suicide note does not seem to us to be indicative of irrational thinking. If the fact of suicide alone were sufficient proof of an unsound mind, the requirement in the statute that the employee be of an unsound mind would be meaningless. On the contrary, the reference to the employee's mental condition is a significant part of the statute. The Legislature, while ameliorating the

harshness of the old rule, adopted the altogether reasonable principle that an act of suicide ought to preclude compensation if the decision to commit suicide is made voluntarily by a person not suffering from work-related mental illness or unsoundness of mind.

*Judgment affirmed.*