## LORI NUTTING[1] vs. ROCHE BROTHERS SUPERMARKETS, INC.

No. 98-P-1395.

Norfolk. February 22, 2000. - December 14, 2000.

Present: ARMSTRONG, C.J., KAPLAN, & PERRETTA, JJ.

*Emotional Distress. Negligence,* Emotional distress. *Workers' Compensation Act,* Emotional distress, Injuries to which act applies, Election of remedies.

A claim for negligent infliction of emotional distress, brought by the mother of a deceased worker whose termination from his job had precipitated his suicide, was barred by the exclusivity provisions of the Workers' Compensation Act, G. L. c. 152, §§ 1(4), 24, 68. [573-574]

CIVIL ACTION commenced in the Superior Court Department on September 18, 1995.

The case was heard by *Gordon L. Doerfer,* J., on a motion for summary judgment.

*Richard J. Fallon* for the plaintiff.

*Kimberly M. McCann* for the defendant.

ARMSTRONG, C.J. For eight years "Tommy" Sakalaukas, a physically and developmentally disabled adult living with his parents, worked as a grocery bagger at the defendant's supermarket. Prior to his hiring, the plaintiff, Tommy's mother, had told management of his history of petty pilferage at prior jobs and asked that she be alerted to any future problems with Tommy's work. The defendant had agreed and, after each of several incidents of Tommy's stealing small items, had so notified her. With the plaintiff's intercession, Tommy had been reinstated from the resulting suspensions or, in one case, termination. Then, on September 22, 1992, Tommy took a small amount of change from atop a cash register. When his shift began the next morning a manager fired him and sent him home

---

[1]Individually and as administratrix of the estate of her son Thomas (also known as "Tommy") Sakalaukas.

with instructions to tell his mother what had happened. The plaintiff was not contacted directly by the defendant about the theft or the firing. Later that day, while his parents were at work, Tommy committed suicide by hanging himself from a tree in his backyard. Called home after the tragedy was discovered, the plaintiff witnessed her son's covered body being carried past her. The record attests to her great emotional pain and its physical manifestations.

In her appeal from the summary judgment entered for the defendant, the plaintiff concedes the correctness of the judge's ruling that the two counts for Tommy's wrongful death, see G. L. c. 229, § 2, and the count for his conscious suffering, see G. L. c. 229, § 6, are foreclosed by the exclusivity provisions of the Workers' Compensation Act, G. L. c. 152, §§ 1(4), 24, 68. See generally *Peerless Ins. Co.* v. *Hartford Ins. Co.,* 48 Mass. App. Ct. 551, 554-555 (2000). The question before us is whether the fourth count, her individual claim for negligent infliction of emotional distress, is similarly barred as the judge decided.[2]

We conclude that it is. As the act states, "If an employee has not given notice to his employer that he preserves his right of action at common law as provided by this section, the employee's . . . parents . . . shall . . . be held to have waived any right created by statute, at common law, or under the law of any other jurisdiction against such employer, including, but not limited to claims for damages due to emotional distress, loss of consortium, parental guidance, companionship or the like, when such loss is a result of any injury to the employee that is compensable under this chapter." G. L. c. 152, § 24, as amended through St. 1991, c. 398, § 43. See *Russell* v. *Boston Wyman, Inc.,* 410 Mass. 1005, 1006 (1991) (addressing notice under a prior version of the statute). The parties agree that no such statutory notice was given, that Tommy's firing precipitated his suicide, and that the suicide was, for exclusivity purposes at least, a compensable injury. See *Fitzgibbons's Case,* 374 Mass. 633, 637-638 (1978); *Kelly's Case,* 394 Mass. 684, 688 (1985); *Green* v. *Wyman-Gordon Co.,* 422 Mass. 551, 559-560 & n.11

---

[2]The judge also ruled that the plaintiff's claim failed for lack of proximate causation because the damages from the breach of the alleged duty to inform were not reasonably foreseeable, there being no evidence that Tommy had ever harmed himself (even after the previous suspensions and firing) or posed a threat of such harm. We do not reach this issue.

(1996) (discussing effect of 1985 and 1986 amendments to G. L. c. 152, § 1[7A]); *McCarthy's Case*, 28 Mass. App. Ct. 213, 214 (1990). See also G. L. c. 152, §§ 26, 26A. As the judge realized, the plain words of the statute preclude the plaintiff's claim for emotional distress where that distress was, inescapably, "the result of" Tommy's work-related suicide.

The plaintiff argues that her claim is not derivative of Tommy's injury but is an independent tort, the source of which is the defendant's negligent breach of the duty of notice it assumed to her which, she argues, if complied with, might have prevented the suicide. But even if such a causal connection could be proved, her emotional distress nevertheless was the result not of the failure of notice but of Tommy's suicide (i.e., the work-related injury), any common-law claim for which is barred by § 24. Her claim is also unlike the types of claims described in *Green* v. *Wyman-Gordon Co.*, 422 Mass. at 560-561, such as false imprisonment or defamation, that survive exclusivity because their gravamen lies in types of injury not compensable under the act. See *Foley* v. *Polaroid Corp.*, 381 Mass. 545, 553 (1980). The gravamen of the present action, whether characterized as sounding in tort or contract, is to recover emotional distress damages for a type of injury compensable under the act. Where, as here, " 'mental harm is the essence of the [claim],' it is an indispensable ingredient, and the claim is barred." *Green* v. *Wyman-Gordon Co.*, *supra* at 561, quoting from *Foley* v. *Polaroid Corp.*, *supra* at 552.

*Judgment affirmed.*