Murphy, Ernest B., J.
The plaintiff, Tracy Mellor (hereinafter, “Mellor”), brings this complaint alleging four counts of intentional infliction of emotional distress and four counts of unlawful discrimination in violation of G.L.c. 15 IB. The defendants move to dismiss the four counts of intentional infliction of emotional distress on the grounds that common-law tort claims are barred by the Massachusetts Workers’ Compensation Act. After a hearing on the motion, and for the following reasons, the defendants’ motion to dismiss is ALLOWED IN PART, as to Counts VI and VIII, and DENIED, as to Counts II and IV.
FINDINGS OF FACT
The following facts are taken from the complaint and deemed true in accordance with Mass.R.Civ.P. 12.
While employed by the defendants Accounting Solutions and CBS Payroll Service, Inc., Mellor was subjected to frequent sexual harassment by her supervisors and coworkers. The harassment included unwanted physical contact by Jagjit Walia, inappropriate and sexually explicit behavior by Walia and Heidi Thomas, and obscene behavior by male coworkers. In addition, her supervisors, after receiving notice of her complaints, failed to take any action to remedy the inappropriate behavior. As a direct result of the harassment, Mellor has suffered extreme emotional distress, anxiety, depression, isolation, nervousness, stress, back pain, migraine headaches, and insomma.
On March 7, 2006, Mellor filed the present action alleging four counts of intentional infliction of emo *363 tional distress and four counts of unlawful discrimination in violation of G.L.c. 151B. The defendants now move to dismiss the four counts of intentional infliction of emotional distress.
CONCLUSIONS OF LAW
For purposes of a motion to dismiss a complaint, the allegations in the complaint must be treated as true and the plaintiff is entitled to all favorable inferences. General Motors Acceptance Corp. v. Abington Cas. Ins. Co., 413 Mass. 583, 584 (1992). A motion to dismiss should only be granted if “it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Gen. Motors Acceptance Corp., 413 Mass, at 584 (citations omitted). “[A] complaint is sufficient against a motion to dismiss if it appears that the plaintiff may be entitled to any form of relief, even though the particular relief he has demanded and the theory on which he seems to rely may not be appropriate.” Brum v. Dartmouth, 44 Mass.App.Ct. 318, 321 (1998), review granted 427 Mass. 1105, rev’dinpart, 428 Mass. 684 (1999) (citations omitted); Dilommaso v. Laliberte, 9 Mass.App.Ct. 890, 890 (1980) (“A complaint need not set forth the legal theories on which the pleader relies, and it is not subj ect to dismissal if it supports relief on any theory of law”).
The defendants move to dismiss the common-law tort claims, arguing that those claims are precluded by operation of the Workers’ Compensation Act. Specifically, the defendants cite G.L.c. 152, §24: “An employee shall be held to have waived his right of action at common law ... to recover damages for personal injuries, if he shall not have given his employer, at the time of his contract of hire, written notice that he claimed such right.” Section 24 has been held to bar claims of intentional infliction of emotional distress where: “the plaintiff is shown to be an employee; his condition is shown to be a ‘personal injury’ within the meaning of the [workers’] compensation act; and the injury is shown to have arisen ‘out of and in the course of employment.’ ” Green v. Wyman-Gordon Co., 422 Mass. 551, 558 (1996), quoting Foley v. Polaroid Corp. (I), 381 Mass. 545, 548-49 (1980). Here, the plaintiff alleges emotional distress resulting from a hostile work environment. Massachusetts courts have consistently held that this type of claim is precluded by the Workers’ Compensation Act where the claim is brought against an employer. See Green, 422 Mass. at 560-61; Foley (I), 381 Mass. at 549-50; Nutting v. Roche Bros. Supermarkets, Inc., 50 Mass.App.Ct. 572, 573-74 (2000); Brown v. Nutter, McClennen & Fish, 45 Mass.App.Ct. 212, 214-15 (1998). Where the claim is asserted against coemployees, those “[c]oemployees themselves, however, are not immunized from suit by the workers’ compensation act for tortious acts which they commit outside the scope of their employment, which are unrelated to the interest of the employer.” Brown, 45 Mass.App.Ct. at 216. At this stage, it is therefore inappropriate to dismiss Counts II and IV, as brought against Walia and Thomas. Nevertheless, Counts VI and VIII, asserted against Accounting Solutions and CBS Payroll, Inc., must be dismissed.
ORDER
Based on the foregoing reasons, it is hereby ORDERED that the defendants’ motion to dismiss is ALLOWED IN PART, as to Counts VI and VIII, and DENIED, as to Counts II and IV.