KAREN A. GREEN vs. WYMAN-GORDON COMPANY.

Worcester. January 9, 1996. - May 3, 1996.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, O'CONNOR, GREANEY, & FRIED, JJ.

*Anti-Discrimination Law,* Sex, Employment. *Employment,* Discrimination, Sexual harassment. *Massachusetts Commission Against Discrimination. Statute,* Construction. *Civil Rights,* Availability of remedy. *Workers' Compensation Act,* Exclusivity provision, Emotional distress. *Emotional Distress. Negligence,* Emotional distress.

The remedies and procedures of G. L. c. 151B, the employment discrimination act, are exclusive where applicable, and operated to bar a claim of sexual harassment in the workplace brought under G. L. c. 214, § 1C [554-557], as well as claims arising out of the same facts brought under the Massachusetts Civil Rights Act, G. L. c. 12, § 11I, and the Massachusetts Equal Rights Act, G. L. c. 93, § 102 [557-558].

Common law claims for negligent failure to investigate and to correct, negligent training and supervision, and breach of contract arising from alleged sexual harassment in the workplace were barred by the exclusivity provisions of G. L. c. 151B, the employment discrimination act [558], and common law claims for intentional and negligent infliction of emotional distress arising from the same circumstances were barred by the exclusivity provision of G. L. c. 152, the workers' compensation act [558-561].

CIVIL ACTION commenced in the Superior Court Department on April 19, 1994.

The case was heard by *Daniel F. Toomey,* J., on a motion for summary judgment.

The Supreme Judicial Court granted an application for direct appellate review.

*Mary A. Barker (April H. Babbitt* with her) for the plaintiff.

*Richard C. Van Nostrand (Michael G. Donovan* with him) for the defendant.

*Cynthia L. Amara & Stephen S. Ostrach,* for New England Legal Foundation, amicus curiae, submitted a brief.

*Robert S. Mantell,* for Massachusetts Chapter of the

National Employment Lawyers Association, amicus curiae, submitted a brief.

LYNCH, J. The plaintiff, Karen A. Green, alleges that she was sexually harassed over a three-year period while employed by the defendant, Wyman-Gordon Company. The defendant terminated Green's employment in June, 1992. In April, 1994, Green brought suit against the defendant in the Superior Court, alleging violations of G. L. c. 214, § 1C (1994 ed.), the Massachusetts Civil Rights Act, G. L. c. 12, § 11I (1994 ed.) (civil rights act), and the Massachusetts Equal Rights Act, G. L. c. 93, § 102 (1994 ed.) (equal rights act). Her action included common law claims for negligent failure to investigate and to correct, negligent training and supervision, intentional and negligent infliction of emotional distress, and breach of contract. The trial judge allowed the defendant's motion for summary judgment on all counts. The plaintiff appealed. We granted the defendant's application for direct appellate review and now affirm.[1]

The summary judgment record demonstrates the following (see *Judson* v. *Essex Agric. & Technical Inst.*, 418 Mass. 159, 162 [1994]): The defendant hired the plaintiff in February, 1985. Starting in June, 1989, until her termination in June, 1992, the plaintiff was subjected to multiple instances of sexual harassment while she was employed in several different departments. While employed in the housekeeping department, Green was threatened and harassed by a coworker using obscene language and sexual slurs. The defendant held a meeting and issued a warning to the coworker, but refused Green's requests to change her work schedule.

After the plaintiff was assigned to another department, she was subjected to lewd and obscene remarks and gestures from another coworker. In addition, she was exposed to posters of naked and partially clothed women on the walls and ceiling of the work area. After Green reported to her supervisors that she was being harassed, a meeting was held, but the defendant took no action against the coworker. Although Green was permitted to change shifts for about one week, she was forced to return to the shift with the offensive coworker.

---

[1] We acknowledge the amicus briefs submitted by the Massachusetts Chapter of the National Employment Lawyers Association, on behalf of the plaintiff, and the New England Legal Foundation, on behalf of the defendant.

About two weeks later, the plaintiff was terminated from her employment. As a result of the harassment, the plaintiff suffered severe emotional distress.

1. *Background.* In order to analyze the plaintiff's claims properly, we need to examine the legislative and judicial response to the problem of sexual harassment in the Massachusetts workplace. This court first addressed the issue of sexual harassment in *College-Town, Div. of Interco, Inc.* v. *Massachusetts Comm'n Against Discrimination,* 400 Mass. 156, 162 (1987). In that case, the court decided that sexual harassment was a form of discrimination and that the plaintiff's claim was cognizable under G. L. c. 151B, § 4 (1) (1994 ed.). *Id.* In *O'Connell* v. *Chasdi,* 400 Mass. 686, 693 & n.9 (1987), however, the provisions of G. L. c. 151B (1994 ed.) did not apply because the plaintiff's employer had fewer than six employees. See G. L. c. 151B, § 1 (5). The court nevertheless decided that the plaintiff had a claim under the civil rights act on the rationale that art. 1 of the Massachusetts Declaration of Rights created a right to be free from sexual harassment in the workplace. *O'Connell* v. *Chasdi, supra* at 693.

On December 9, 1986, before this court's decisions in *College-Town* and *O'Connell* v. *Chasdi* were published (but while they were pending in this court), the Massachusetts Legislature enacted St. 1986, c. 588, entitled "An act prohibiting sexual harassment." Chapter 588 amended G. L. c. 151A (unemployment compensation), G. L. c. 151B (employment discrimination), G. L. c. 151C (education), and G. L. c. 214 (equity jurisdiction). The legislation added a definition of sexual harassment to G. L. c. 151B, § 1, see St. 1986, c. 588, § 2, and added subsection 16A to § 4, declaring it to be an unlawful practice under c. 151B for an employer "to sexually harass any employee." St. 1986, c. 588, § 3. In addition, the statute added G. L. c. 214, § 1C, which states: "A person shall have the right to be free from sexual harassment, as defined in chapter one hundred and fifty-one B and one hundred and fifty-one C. The superior court shall have the jurisdiction in equity to enforce this right and to award damages." St. 1986, c. 588, § 6.

In this case and two other cases decided today,[2] we have an opportunity to revisit sexual harassment claims in this new statutory context.

2. *Statutory claims.* Employees who are victims of sexual harassment by their employers or their agents have a remedy under G. L. c. 151B, §§ 4 (16A) and 5.[3] The plaintiff did not file a complaint with the Massachusetts Commission Against Discrimination (MCAD) within the six-month statutory time period. See G. L. c. 151B, § 5. The plaintiff argues that her failure to file such a claim does not preclude her from bringing a sexual harassment suit in the Superior Court under G. L. c. 214, § 1C. Therefore, we must determine whether, by enacting G. L. c. 214, § 1C, the Legislature intended to create a duplicative remedy for victims of sexual harassment, such that a plaintiff may either seek relief initially by filing a complaint with the MCAD, or bypass the MCAD entirely and file a suit directly in the Superior Court. We conclude that the exclusive statutory remedy for the plaintiff in this case was that provided by c. 151B, for the reasons set out below.

We ordinarily construe statutes to be consistent with one another. *St. Germaine* v. *Pendergast*, 411 Mass. 615, 626 (1992). We assume that the Legislature was aware of existing statutes when enacting subsequent ones. *LaBranche* v. *A.J. Lane & Co.*, 404 Mass. 725, 728 (1989). Thus, we attempt to interpret statutes addressing the same subject matter harmoniously, "so that effect is given to every provision in all of them." 2B Singer, Sutherland Statutory Construction § 51.02, at 122 (5th ed. 1992). See *St. Germaine* v. *Pendergast, supra* (construing exclusivity provisions of workers' compensation act). With these general principles in mind, we must examine the administrative scheme created by c. 151B and determine the reach of its exclusivity provisions.[4]

General Laws c. 151B, § 9, provides, in relevant part: "[A]s

[2]*Doe* v. *Purity Supreme, Inc., post* 563 (1996), and *Guzman* v. *Lowinger, post* 570 (1996).

[3]None of the parties disputes that the defendant is an employer within the meaning of G. L. c. 151B, § 1 (5) (1994 ed.).

[4]We disagree with the plaintiff that G. L. c. 214, § 1C (1994 ed.), is plain and unambiguous on its face and that therefore, we may not go beyond its express language to construe it. While the statute gives the Superior Court jurisdiction over sexual harassment claims, it is not clear when that jurisdiction attaches. Furthermore, we have on occasion looked at the history

to acts declared unlawful by section four, the procedure provided in this chapter shall, while pending, be exclusive." We have interpreted this broad exclusivity provision to embody a legislative intent "to subject all discrimination claims to some administrative scrutiny." *Charland* v. *Muzi Motors, Inc.*, 417 Mass. 580, 585 (1994).[5] Accordingly, where c. 151B applies, a person may not evade its procedural requirements by recasting a discrimination claim as a violation of the equal rights act, see *id.* at 586, or the civil rights act, see *Mouradian* v. *General Elec. Co.*, 23 Mass. App. Ct. 538, 543 (1987). Applying this rationale, we have declined to create new common law remedies for employment discrimination which would allow claimants to sidestep c. 151B's administrative prerequisites. See *Melley* v. *Gillette Corp.*, 19 Mass. App. Ct. 511 (1985), *S.C.*, 397 Mass. 1004 (1986). Cf. *Comey* v. *Hill*, 387 Mass. 11, 20 (1982) (claimants may bring common law claims against employers which are grounded in tort and contract principles established prior to adoption of c. 151B).

Against this background, we see no basis to except claims of sexual harassment from the broad and comprehensive remedial scheme provided in c. 151B absent an explicit statutory authorization. We do not believe that G. L. c. 214, § 1C, contains such an authorization. Accordingly, we agree with the defendant that, in this case, c. 151B's remedies and procedures are exclusive and bar the plaintiff's claim under G. L. c. 214, § 1C. See 2B Singer, Sutherland Statutory Construction § 51.02, at 121 (5th ed. 1992) ("In the absence of any express repeal or amendment, the new provision is presumed in accord with the legislative policy embodied in [the] prior statutes").

This interpretation serves the legislative purpose by preserving the integrity of the administrative scheme. As we noted in the *Charland* case: "Chapter 151B reflects the [L]egislature's balancing of competing interests. Employees are protected

and purpose of an apparently unambiguous statute to determine the intent of the Legislature. See, e.g., *Sterilite Corp.* v. *Continental Casualty Co.*, 397 Mass. 837, 839 (1986), and cases cited.

[5]Although there are exceptions to this general provision, none of them applies here. See G. L. c. 151B, § 1 (5) (certain employers not included). See also *Jancey* v. *School Comm. of Everett*, 421 Mass. 482, 499 (1995) (leaving open question whether all gender-based pay inequity claims arise from acts "declared unlawful" by G. L. c. 151B, § 4).

against certain types of [unlawful action]. Employers are protected from unnecessary litigation by a relatively short statute of limitations, *see* ch. 151B § 5 (six months), and a mandatory conciliation process." *Charland* v. *Muzi Motors, Inc., supra* at 583, quoting *Crews* v. *Memorex Corp.,* 588 F. Supp. 27, 29 (D. Mass. 1984). Indeed, the simultaneous amendment of c. 151B to add sexual harassment in employment to the list of unfair practices indicates a legislative intent to *reinforce* the administrative scheme, not weaken it. See St. 1986, c. 588, § 3. See also 2A Singer, Sutherland Statutory Construction § 46.05, at 103-104 (5th ed. 1992). It is also noteworthy that these sections were added at a time when it was unclear whether *any* existing statute or constitutional provision provided a remedy for victims of sexual harassment.

Added support for this construction comes from the legislative history of G. L. c. 214, § 1C. Prior to enactment, eight different versions of the law were proposed.[6] Two of those bills contained the following language: "The filing of a complaint under chapter 151B shall not be a prerequisite to filing a complaint under this section in the superior court." 1986 House Doc. No. 488 at 2. 1986 House Doc. No. 3136 at 2. The above-quoted sentence was omitted from the statute as enacted, and was in fact, "the only pertinent deletion before Section 1C became law." *Clarke* v. *Kentucky Fried Chicken of Cal., Inc.,* 57 F.3d 21, 26 (1st Cir. 1995). Deletions of limiting language from predecessor bills is normally presumed to be intentional. *Id.,* citing *Russello* v. *United States,* 464 U.S. 16, 23-24 (1983), and *Rhode Island* v. *Narragansett Indian Tribe,* 19 F.3d 685, 700 (1st Cir.), cert. denied, 115 S. Ct. 298 (1994). See also 2A Singer, Sutherland Statutory Construction § 48.04, at 325 (5th ed. 1992).[7]

The plaintiff argues that we render G. L. c. 214, § 1C, a

---

[6]1986 House Doc. No. 488. 1986 House Doc. No. 1780. 1986 House Doc. No. 3136. 1986 House Doc. No. 3862. 1986 House Doc. No. 4074. 1986 House Doc. No. 4538. 1986 House Doc. No. 5732. 1986 Senate Doc. No. 62.

[7]The plaintiff's reliance on *Mercy Hosp.* v. *Rate Setting Comm'n,* 381 Mass. 34, 42 (1980), is unavailing. In that case, this court concluded that, where there is contemporaneous evidence that a particular provision was dropped because it was deemed surplusage, it is improper to assume that the Legislature's removal of the provision changed the meaning of the statute. In this case, there is no contemporaneous evidence to support the

"near nullity" if we do not construe it to provide a duplicative remedy. We disagree. First, G. L. c. 214, § 1C, ensures that *all* employees are protected against sexual harassment in the workplace, whether or not their employers fit within the definition in c. 151B. Thus, employees who cannot file claims with the MCAD because of limited size of the workforce, see G. L. c. 151B, § 1 (5) (employers of fewer than six employees not included) are protected by § 1C. Second, the statute provides exclusive jurisdiction in the Superior Court for any sexual harassment claim that is brought in the courts because either (a) the employer is not covered by c. 151B; or (b) the claimant has satisfied the procedural prerequisites for a c. 151B claim and has chosen to pursue the case in court.[8] See *Clarke* v. *Kentucky Fried Chicken of Cal., Inc., supra* at 26.[9] Therefore, we affirm the motion judge's conclusion that the plaintiff's G. L. c. 214, § 1C, claim is barred. See *id.* Accord *Johnson* v. *Plastic Packaging, Inc.,* 892 F. Supp. 25, 31 (D. Mass. 1995); *Desrosiers* v. *Great Atl. & Pac. Tea Co.,* 885 F. Supp. 308, 313-314 (D. Mass. 1995).

For the reasons stated above, the plaintiff's claims under the civil rights act and the equal rights act are similarly precluded. See *Charland* v. *Muzi Motors, Inc., supra* at 586. Where, as here, c. 151B applies, its comprehensive remedial scheme is exclusive, in the absence of an explicit legislative

---

plaintiff's claim that the provision was surplusage. Although the plaintiff has included with her brief the affidavit of a legislator, we shall not consider it here. The statements of a legislator made after the statute was enacted are not relevant in determining legislative intent. See *Boston Water & Sewer Comm'n* v. *Metropolitan Dist. Comm'n,* 408 Mass. 572, 578 (1990); *Keane* v. *City Auditor of Boston,* 380 Mass. 201, 207-208 n.5 (1980). See generally 2A Singer, Sutherland Statutory Construction § 48.03, at 89 (1995 Supp.).

[8]Under the procedures established in G. L. c. 151B, §§ 5, 9 (1994 ed.), a person who makes a timely claim with the MCAD may withdraw that claim from the MCAD and bring suit in court at any time with permission of the MCAD, or as of right after ninety days, if the MCAD has not adjudicated the case by that time. Jurisdiction over such claims is given to the Superior or Probate and Family Court. G. L. c. 151B, § 9.

[9]The court in *Clarke* v. *Kentucky Fried Chicken of Cal., Inc.,* 57 F.3d 21, 25 n.7 (1st Cir. 1995), notes that the jurisdictional language in G. L. c. 214, § 1C, "may have been intended merely to overcome the automatic 'default' mechanism in [G. L. c. 214, § 2] — which would otherwise vest the [Supreme Judicial Court] with *exclusive* original jurisdiction over all Section 1C claims for equitable relief — and to designate *which other court* (i.e., superior court) possesses jurisdiction once the Section 1C claimant has met the MCAD exhaustion requirements" (emphasis in original).

command to the contrary. Otherwise, "[t]o permit such duplication of remedies would allow claimants to bypass the procedural prerequisites defined by the [L]egislature in [G. L. c. 151B], crippling the effectiveness of this specific statutory remedy for discrimination in employment." *Bergeson* v. *Franchi*, 783 F. Supp. 713, 721 (D. Mass. 1992).

3. *Common law claims.* Insofar as the plaintiff's common law claims are merely recast versions of her sexual harassment claims under c. 151B, they are barred by that statute's exclusivity provision. See *Charland* v. *Muzi Motors, Inc.*, supra at 586; *Melley* v. *Gillette Corp.*, 19 Mass. App. Ct. 511, 512-513 (1985). We acknowledge, however, that not all of the plaintiff's common law claims are barred under c. 151B. See *Comey* v. *Hill, supra* at 20. The defendant argues, however, that those common law claims not barred by c. 151B, notably the claims for intentional and negligent infliction of emotional distress, are barred by the exclusivity provision of the workers' compensation act, G. L. c. 152, § 24 (1994 ed.).[10] We agree.

Common law actions are barred by the exclusivity provision of the workers' compensation act where: "the plaintiff is shown to be an employee; his condition is shown to be a 'personal injury' within the meaning of the [workers'] compensation act; and the injury is shown to have arisen 'out of and in the course of . . . employment.' " *Foley* v. *Polaroid Corp.*, 381 Mass. 545, 548-549 (1980) (*Foley I*), quoting G. L. c. 152, § 26 (1994 ed.). The plaintiff's common law claims meet this test. It makes no difference that the emotional distress results from a fellow employee since the injury is still compensable under the workers' compensation act. See *Anzalone* v. *Massachusetts Bay Transp. Auth.*, 403 Mass. 119, 124 (1988); *Foley I, supra* at 550. See also G. L. c. 152, § 1 (7A) (1994 ed.) (intentionally inflicted emotional harm compensable under workers' compensation act, even when result of bona fide personnel action). An employer may be vicariously liable for emotional distress intentionally inflicted by one employee on another. See *College-Town, Div. of Interco, Inc.* v. *Massachusetts Comm'n Against Discrimination*, 400 Mass.

---

[10]General Laws c. 152, § 24 (1994 ed.), provides, in relevant part: "An employee shall be held to have waived his right of action at common law . . . in respect to an injury that is compensable under this chapter, to recover damages for personal injuries . . . ."

156, 167 (1987). However, we need not decide whether the employer was either directly or vicariously liable, since, in either case, the injuries would be compensable under the workers' compensation act. Accordingly, the motion judge correctly dismissed the plaintiff's claim for intentional infliction of emotional distress.

The plaintiff's negligent infliction of emotional distress claim also must fail. The plaintiff argues that recent amendments to the definition of "personal injury" permit her to recover for negligently inflicted emotional distress that is the result of a "bona fide, personnel action."[11] The plaintiff argues that the language of the amendment set out in the margin somehow revives common law actions resulting in emotional distress, where that distress is not inflicted intentionally. Thus, goes the argument, if the defendant's bona fide personnel actions unintentionally caused the plaintiff's emotional injuries, then those injuries are not "compensable" under the workers' compensation act, the exclusivity provision does not apply, and the plaintiff can bring a common law action for negligent infliction of emotional distress. We do not agree.

The intent of the amendment was to reverse the result in *Kelly's Case*, 394 Mass. 684 (1985), where we permitted an employee to recover for emotional distress associated with a threatened layoff and transfer. See *Robinson's Case*, 416 Mass. 454, 458-459 (1993). See generally L. Locke, Workmen's Compensation § 10.5, at 270-271 (Nason & Wall Supp. 1995). The plaintiff purports to turn this intention on its head, presuming that the Legislature, in cutting off an avenue of recovery for employees under the workers' compensation act, intended to open up a previously closed common law route. We see no reason to attribute such paradoxical intentions to the Legislature, especially where the result would "negate the intended purpose of the Workers' Compensation Act to provide a uniform, statutory remedy for injured workers, in

---

[11]General Laws c. 152, § 1 (7A), as amended through St. 1985, c. 572, § 11, and St. 1986, c. 662, § 6, provides, in relevant part: "Personal injuries shall include mental or emotional disabilities only where a significant contributing cause of such disability is an event or series of events occurring within the employment. No mental or emotional disability arising principally out of a bona fide personnel action including a transfer, promotion, demotion, or termination except such action which is the intentional infliction of emotional harm shall be deemed to be a personal injury within the meaning of this chapter."

contrast to a piecemeal, tort-based system." *Catalano* v. *First Essex Sav. Bank,* 37 Mass. App. Ct. 377, 380 (1994). See *Clarke* v. *Kentucky Fried Chicken of Cal., Inc., supra* at 29.

There is no question that an action for negligent infliction of emotional distress that is *not* the result of a bona fide personnel action is barred by the exclusivity provision of the workers' compensation act. See *Foley I, supra* at 552. Assuming that the plaintiff's emotional injuries *were* the result of bona fide personnel actions,[12] however, there is still no basis for recovery. "[I]t would strain credulity and common sense to presume that the Legislature chose to limit employers' collective liability under the workers' compensation scheme, only to expose individual employers to greater liability in common law negligence suits based on bona fide personnel actions." *Clarke* v. *Kentucky Fried Chicken of Cal., Inc., supra* at 29. See *Catalano* v. *First Essex Sav. Bank, supra.*

The result we reach here is not inconsistent with our decisions concluding that plaintiffs may recover for emotional injuries sustained in connection with claims that are not barred by the exclusivity provisions of the workers' compensation act. See *Flesner* v. *Technical Communications Corp.,* 410 Mass. 805, 814 n.9 (1991); *Foley* v. *Polaroid Corp.,* 400 Mass. 82, 93 (1987) (*Foley II*); *College-Town, supra* at 169; *Foley I, supra* at 552. In those cases we concluded that emotional distress damages are not barred where the underlying claim is not barred. Furthermore, we concluded that underlying common law claims survived where "physical or mental harm is incidental, and is not an indispensable ingredient" of the claim. *Foley I, supra.* For example, in *Foley I,* we concluded that claims for defamation, malicious prosecution, and violation of civil rights[13] were not compensable under the workers' compensation act and so were not barred. *Id.* at 552-554. See *Madden's Case,* 222 Mass. 487, 492 (1916) (claims for libel,

[12]The plaintiff argues that the defendant caused her injuries by its decision not to reassign her to a different work shift, its failure to investigate harassment allegations adequately, and its failure to take appropriate corrective measures. Because of our conclusion that the claims are barred, we need not decide whether the injuries were the result of bona fide personnel actions within the meaning of the statute.

[13]In *Foley* v. *Polaroid Corp.,* 381 Mass. 545, 553 n.7 (1980) (*Foley I*), the plaintiff did not allege any statutory violation of civil rights and did not comply with the procedural prerequisites of G. L. c. 151B. Therefore, even though his common law claim for civil rights violations was not barred by

malicious prosecution, false imprisonment, invasion of privacy, alienation of affection, seduction, false arrest, and "kindred tortious acts" not compensable). On the other hand, where "mental harm is the essence of the [claim]," it is an indispensable ingredient, and the claim is barred. *Foley I, supra* at 552. Here, as in the intentional infliction of emotional distress claim in *Foley I,* mental harm is an essential element of the plaintiff's claim. Therefore, that claim is barred under the workers' compensation act.[14]

Cases from other jurisdictions support our conclusion that the plaintiff's tort claims are barred by the exclusivity provision of the workers' compensation act. See, e.g., *Juarez* v. *Ameritech Mobile Communications, Inc.*, 957 F.2d 317, 323-324 (7th Cir. 1992); *Lui* v. *Intercontinental Hotels Corp.*, 634 F. Supp. 684, 688 (D. Haw. 1986); *Fields* v. *Cummins Employees Fed. Credit Union*, 540 N.E.2d 631, 637 (Ind. Ct. App. 1989); *Knox* v. *Combined Ins. Co.*, 542 A.2d 363, 365-366 (Me. 1988); *Dickert* v. *Metropolitan Life Ins. Co.*, 311 S.C. 218, 222 (1993); *Haddon* v. *Metropolitan Life Ins. Co.*, 239 Va. 397, 400 (1990), overruled on other grounds, *Lichtman* v. *Knouf*, 248 Va. 138 (1994); *Baker* v. *Wendy's of Mont., Inc.*, 687 P.2d 885, 892 (Wyo. 1984). See also *Busse* v. *Gelco Express Corp.*, 678 F. Supp. 1398, 1401 (E.D. Wis. 1988) (workers' compensation exclusivity bars negligence claim against employer based on sexual harassment); *Downer* v. *Detroit Receiving Hosp.*, 191 Mich. App. 232, 235-236 (1991) (same). See generally 2A A. Larson, Workmen's Compensation § 68.34 (d) (1995 & Supp. 1995).[15]

---

the workers' compensation act, it is unlikely that it was legally cognizable. The court in *Foley I* did not reach the issue. *Id.*

[14]We observe that G. L. c. 152, § 28 (1994 ed.), provides for double recovery under the workers' compensation act in cases of injuries resulting from intentional acts.

[15]Although several jurisdictions have held that workers' compensation exclusivity does *not* bar some tort claims arising out of sexual harassment allegations, most of these jurisdictions allow exceptions to the exclusivity provisions for: intentional torts of a coemployee, see, e.g., *Fitzgerald* v. *Pratt*, 223 Ill. App. 3d 785 (1992); *Spoon* v. *American Agriculturalist, Inc.*, 120 A.D.2d 857, 860 (N.Y. 1986); *Pursell* v. *Pizza Inn Inc.*, 786 P.2d 716, 717 (Okla. Ct. App. 1990); *Palmer* v. *Bi-Mart Co.*, 92 Or. App. 470, 475-476 (1988); psychological injuries, see, e.g., *Busby* v. *Truswal Sys. Corp.*, 551 So. 2d 322, 325 (Ala. 1989); *Hogan* v. *Forsyth Country Club Co.*, 79 N.C. App. 483, 490 (1986); *Kerans* v. *Porter Paint Co.*, 61 Ohio St. 3d 486,

4. *Conclusion.* To summarize, we conclude that the plaintiff's statutory claims are barred by the exclusivity provision of G. L. c. 151B, as are most of the common law claims. In addition, the workers' compensation act bars the plaintiff's claims for negligent and intentional infliction of emotional distress. Accordingly, the trial judge properly entered summary judgment on behalf of the defendant on all counts.[16]

*Judgment affirmed.*

---

490 (1991); or both, see, e.g., *Ford* v. *Revlon, Inc.,* 153 Ariz. 38, 44 (1987); *Vainio* v. *Brookshire,* 258 Mont. 273, 280 (1993); *Beavers* v. *Johnson Controls World Servs., Inc.,* 120 N.M. 343 (Ct. App. 1995). These exceptions have been rejected in Massachusetts so the above-cited cases are inapposite. But see *Byrd* v. *Richardson-Greenshields Sec., Inc.,* 552 So. 2d 1099, 1104-1105 (Fla. 1989).

Other jurisdictions have created an exclusivity exception for intentional acts of coemployees when the intent to injure is for personal reasons and not against the employee as an employee. See, e.g., *Stamper* v. *Hiteshew,* 797 P.2d 784, 786 (Colo. Ct. App. 1990); *Rogers* v. *Carmike Cinemas, Inc.,* 211 Ga. App. 427, 429 (1993); *Johnson* v. *Ramsey County,* 424 N.W.2d 800, 805 (Minn. Ct. App. 1988). We have not recognized such an exception in Massachusetts and see no reason to do so now under the facts alleged in this case.

Finally, it is important to note that there is no claim before us against the coemployees who allegedly harassed the plaintiff. Therefore, we need not express an opinion on the merits of any such claims. Cf. *O'Connell* v. *Chasdi,* 400 Mass. 686, 689-691 (1987).

[16]Based on our conclusions above, we do not reach the plaintiff's argument that her claims are not preempted by § 301 of the Federal Labor Management Relations Act (29 U.S.C. § 185 [1994]). See *Gilmer* v. *Interstate/Johnson Lane Corp.,* 500 U.S. 20, 41 (1991).