Sikora, J.
INTRODUCTION
The defendants, City of Boston (“Cily”) and the Boston Public Health Commission (“Commission”) move to dismiss plaintiff Fritz Samson’s (“Samson”) amended complaint for failure to state a claim upon which relief can be granted, pursuant to Mass.R.Civ.P, 12(b)(6). The Commission also moves to dismiss plaintiffs claim pursuant to Mass.R.Civ.P. 12(b)(5), for insufficiency of service of process.[2] For the reasons set forth below, the defendants’ motion is ALLOWED.[3]
BACKGROUND
The following facts are undisputed. The plaintiff was hired in 1988 by the City of Boston Public Health Commission, Homeless Services Division as a counselor, where he was assigned to the Woods Mullen Shelter. In November of 1996, the plaintiff was struck and injured by a patient of the shelter. The plaintiff immediately went out on a medical leave of absence beginning on December 1, 1996. On February 13, 1997, the plaintiff received a letter from the defendants informing plaintiff that if he did not return to work on February 24, 1997, the date his Family Medical Leave Act expired, he would be terminated. Plaintiff informed the defendants that he was capable of working light duty, but not full duty. The defendants refused to grant him light duty and terminated him on February 20, 1997. Plaintiff requested reinstatement in March, April, July, August and September of 1997, but was refused reemployment on each occasion. Counselor positions with the defendants were in existence, and were filled between February of 1997 and the present.
Shortly after his injury in November of 1996, the plaintiff filed a claim for workers’ compensation benefits under G.L.c. 152, which was denied by the defendants. Plaintiff then instituted proceedings before the Industrial Accident Board. In April of 1998, the defendants agreed to pay the plaintiff compensation pursuant to c. 152, for temporary total incapacity from November 30, 1996 to February 13, 1997, and temporary partial incapacity from February 14, 1997 to June 30, 1997.
On October 21, 1997, plaintiff filed a complaint with the MCAD alleging that the defendants discriminated against him on the basis of disability in violation of G.L.c. 151B, §4(16). The MCAD dismissed the complaint on the grounds that it was not timely filed. Subsequently, on February 9, 1999, plaintiff filed this action, alleging violations of G.L.c. 152, §75A; G.L.c. 152, §75B; G.L.c. 151B, §4(16); and G.L.c. 93, §103.
DISCUSSION
General laws chapter 15IB, §5 provides that complaints with the MCAD must be filed within six months of the alleged act of discrimination. Pursuant to the procedures of c. 151B, §§5, 9, “a person who makes a timely claim with the MCAD may withdraw that claim from the MCAD and bring suit in court at any time with permission of the MCAD, or as right after ninety days, if the MCAD has not adjudicated the case by that time.” Green v. Wyman-Gordon Co., 422 Mass. 551, 557 n.8 (1995) (emphasis added). The defendants argue that Count III of plaintiffs complaint, which alleges a violation of c. 151B, §4(16), should be dismissed because plaintiff failed to file a timely complaint with the MCAD. The defendants terminated the plaintiff on February 20, 1997. Approximately eight months later, on October 21, 1997, plaintiff filed a complaint with the MCAD which was dismissed on the grounds that it was not timely filed,
Plaintiff contends however, that the defendants’ refusal to rehire him in March, April, July, August and September of 1997, when he requested reemployment, constituted acts of discrimination, and therefore, the complaint which he filed with the MCAD was timely. Plaintiff further contends that the MCAD decision dismissing his lawsuit has no bearing on the instant lawsuit because, pursuant to Christo v. Edward G. Boyle Ins. Agency, Inc., 402 Mass. 815, 818 (1988), c. 15IB does not suggest that the investigating commissioner’s decision on the tolling of the six-month period is binding on a court in a §9 civil action, *457 “either on the theory that the MCAD alone can decide such questions or on the theory that issue preclusive effect should be given to the investigating commissioner’s decision.”
The plaintiffs reliance on the decision in the Christo case is unavailing, and plaintiff is not entitled to de novo review in the Superior Court on the issue of whether he filed a timely complaint with the MCAD. In Christo v. Edward G. Boyle Ins. Agency, Inc., supra at 818, the Supreme Judicial Court addressed the question “whether, because the investigating commissioner determined that Christo did not make a case for equitable tolling and because she sought no further relief before the MCAD, Christo has lost her right to an independent determination of the equitable tolling question in this §9 action.” In this case, plaintiffs complaint before the MCAD did not address, and the investigating commissioner did not decide, on the issue of equitable tolling. Moreover, in the Christo case, a person in Christo’s position at that time had no right to appeal the tolling question within the MCAD. Christo v. Edward G, Boyle Ins. Agency, supra at 818, n. 1. In the instant case, the plaintiff had the right to appeal the decision of the investigating commissioner to the MCAD. 804 Code of Mass. Regs. §1.15(7)(d).
A decision and order of the MCAD will be affirmed by the court unless unsupported by substantial evidence or based on an error of law. G.L.c. 151B, §6; G.L.c, 30A, §14(7); City of Salem v. Massachusetts Comm’n Against Discrimination, 44 Mass.App.Ct. 627, 641 (1998). “ ‘Substantial evidence’ means such evidence as a reasonable mind might accept as adequate to support a conclusion.” G.L.c. 30A, §1(6); School Comm. of Brockton v. Massachusetts Comm’n Against Discrimination, 423 Mass. 7, 11 (1996). Because the court’s review is limited, it will “defer to an administrative agency’s fact-finding role, including its right to draw reasonable inferences from the facts found.” City of Salem v. Massachusetts Comm’n against Discrimination, supra at 641. The record before the MCAD contained no evidence that plaintiff had reapplied for employment in March, April, July, August and September of 1997. There was substantial evidence to support the MCAD’s findings that plaintiff did not have any contact with the defendants since the February 10, 1997 letter which the defendants sent to plaintiff. Accordingly, the court finds that plaintiff did not file a timely complaint with the MCAD. The court therefore dismisses Count III of the complaint alleging a violation of G.L.c. 151B, §4(16).
The defendants argue that Count I of the complaint alleging a violation of G.L.c. 152, §75A; Count II, alleging a violation of G.L.c. 152, §75B; and Count IV, alleging a violation of G.L.c. 93, §103, should be dismissed because the Massachusetts anti-discrimination statute, G.L.c. 151B, provides the exclusive remedy for such claims. The relevant provision of c. 151B, §9 states that “. . . as to acts declared unlawful by section four, the procedure provided in this chapter shall, while pending, be exclusive.” The Supreme Judicial Court has “interpreted this broad exclusivity provision to embody a legislative intent ‘to subject all discrimination claims to some administrative scrutiny.’ ” Green v. Wyman-Gordon Co., 422 Mass. 551, 555 (1996), quoting Charland v. Muzi Motors, Inc., 417 Mass. 580, 585 (1994).[4] Where c. 151B applies, a plaintiff may not evade its procedural requirements by recasting a discrimination claim as a violation of the equal rights act; see id. at 586; the civil rights act; see Mouradian v. General Elec. Co., 23 Mass.App.Ct. 538, 543 (1987); or a new common law action for age discrimination; see Melley v. Gillette Corp., 19 Mass.App.Ct. 511 (1985). Green v. Wyman-Gordon Co., supra at 555. Likewise, sexual harassment claims are barred by the exclusivity provisions of c. 151B. id. In the instant case, c. 151B applies, and plaintiff cannot bypass its procedural prerequisites by recasting his employment discrimination claim as a violation of the workers’ compensation act, or the equal rights act. Because G.L.c. 151B provides the exclusive remedy for employment discrimination claims, and because the plaintiff has failed to file a timely complaint with the MCAD, Counts I, II and IV of the plaintiffs amended complaint must be dismissed.
ORDER
For the foregoing reasons, the court ORDERS the entry offinal judgment of dismissal with prejudice in favor of the defendants Boston City Hospital and Boston Public Health Commission.

 Mass.R.Civ.P.4(d)(4) provides that a political subdivision of the Commonwealth may be served by “leaving [a copy of the summons and complaint] at the office of the treasurer or the clerk thereof.” The court declines to dismiss the complaint under this rule because the Commission does not claim that service was not made at the office of the treasurer or clerk, or that the receptionist was not then the person in charge of the office. Moreover, the court finds that the Commission was not prejudiced by the manner in which the Commissioner was served. The court also finds that both the City and the Commission are the proper parties in this action, and defendants’ arguments that City was not plaintiffs employer do not warrant discussion.

 Although the defendants framed their motion as one to dismiss, pursuant to Mass.R.Civ.P. 12(b) the court will treat the motion as one for summary judgment, because the court relies on the complaint which the plaintiff filed with the Massachusetts Commission Against Discrimination (“MCAD") as well as the MCAD’s findings and decision. See Watros v. Greater Lynn Mental Health and Retardation Ass’n, Inc., 421 Mass. 106, 108-109 (1995). The parties are not prejudiced by the conversion because the parties either presented or cited to the MCAD record, and had an opportunity to be heard on the MCAD record. See Gomes v. Metropolitan Property Cas. Ins. Co., 45 Mass.App.Ct. 27, 31-32 (1998).

 The plaintiffs reliance on the court’s decision in Jancey v. School Comm. of Everett, 421 Mass. 482 (1995), for the proposition that c. 151B was not intended to provide the exclusive remedy for employment discrimination claims is unavailing in this case. The Supreme Judicial Court has noted two exceptions to the exclusivity provision, neither of *458 which applies here. Green v. Wyman-Gordon Co., supra at 555, n.5. First, under c. 151B, §1(5), certain employers are not included. Second, the Jancey decision leaves open "the question whether all gender-based inequity claims arise from acts 'declared unlawful’ by G.L.c. 151B, §4.” However, in Jancey v. School Comm. of Everett, supra at 495-496, the plaintiffs claim under G.L.c. 149, §105A, the Massachusetts Equal Pay Act (“MEPA"), was exempt from the provisions of c. 151B by the language of §9 which stated that “nothing in this chapter shall be deemed to repeal any provision of chapter one hundred and forty-nine."