Brady, J.
The plaintiff, Brennan O’Donnell has asserted claims against the defendant, Richard Miller, for violation of his right to privacy (Count I) and constructive termination (Count II). Miller has asserted counterclaims against O’Donnell for breach of contract (Count I), conversion (Count II), invasion of privacy (Count III), and slander (Count IV). Miller now seeks partial summary judgment on Counts I and II of O’Donnell’s complaint and Count I of Miller’s counterclaim. For the following reasons, Miller’s motion is denied.
BACKGROUND
The following undisputed facts are derived from the summary judgment record. Miller owns a construction/renovation company and maintains a workplace on Whiting Street in North Attleboro. O’Donnell was his employee from January 1996 until May 1998. In January 1997, O’Donnell borrowed $1,207.50 from Miller, and in February 1998, O’Donnell borrowed $1,800 from Miller. O’Donnell has made some payments toward the money owed Miller, but has not repaid the full amount.
In early May 1998, Miller purchased a video camera, circuit board, power supply, one-way mirror,[1] and combination TV/VCR. He planned to install the equipment at the Whiting Street location so that he could videotape persons he believed were vandalizing the premises or stealing his equipment, and he briefly hooked up and used the equipment on a workbench in the building and in a shed behind the building.
On May 27, 1998, while driving a truck that belonged to Miller, O’Donnell found a videotape on the floor of the truck. He took the videotape to the workplace on Whiting Street and viewed it. The videotape showed Miller entering the upstairs bathroom of the workplace and appearing to urinate. O’Donnell went to th e bathroom, removed a towel rack and mirror from the wall, and discovered that the mirror was a one-way mirror and there was a small hole behind the mirror in which a camera lens was installed. O’Donnell then went into a crawl space next to the bathroom and found that the camera lens was attached to a circuit board which was connected to a wire that led to the floor below. He traced the wire to a high shelf in the main work area and discovered that it was connected to a TV/VCR unit concealed under a large carton.
O’Donnell testified that after finding the hidden videotape equipment in the bathroom, he was extremely shocked and upset. He left work that day and did not return to work for Miller.
*183 DISCUSSION
Count I of Plaintiffs Complaint: Violation of Right to Privacy
In Count I, O’Donnell alleges that Miller violated his privacy rights under G.L.c. 214, §1B by installing hidden videotape equipment in the bathroom and by using that equipment to videotape or monitor O’Donnell using the bathroom.[2]
As the party moving for summary judgment who does not bear the burden of proof at trial, Miller must demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of O’Donnell’s case or by showing that O’Donnell has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Miller argues that because O’Donnell produced no evidence showing the existence of a videotape of O’Donnell in the bathroom, O’Donnell cannot prove an essential element of his claim that his privacy rights were violated.
Miller misperceives the adequacy of the evidence in the record and fails to show that O’Donnell has no reasonable expectation of proving an essential element of his case at trial. Flesner, supra at 809. Proof that Miller violated O’Donnell’s privacy could depend on “inferences which could reasonably be drawn from the circumstances.” Abraham v. City of Woburn, 383 Mass. 724, 730 (1981). Miller purchased the videotape equipment and tried it out at the Whiting Street location. O’Donnell found and observed a videotape which enabled him to search for and find concealed videotape equipment in the bathroom. On these facts, a jury could reasonably infer that Miller secretly videotaped or monitored O’Donnell using the bathroom, and thereby violated O’Donnell’s privacy rights. Flesner, supra, quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Summary judgment is therefore inappropriate.
Next, Miller argues that even if he did observe O’Donnell using the bathroom, the interference with O’Donnell’s privacy was not substantial or serious because Miller and O’Donnell had simultaneously used bathroom facilities together in the past.
The Supreme Judicial Court has made it clear that a plaintiff must show that the interference with privacy was unreasonable and either substantial or serious. Schlesinger v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 409 Mass. 514, 517-19 (1991) (emphasis added). Courts consider the scope of the right to privacy “on a case-by-case basis, by balancing relevant factors, . . . and by considering prevailing societal values . . .” Schlesinger, supra at 519 (citations omitted). In Folmsbee v. Tech Tool Grinding & Supply, Inc., 417 Mass. 388, 393 (1994), the Supreme Judicial Court commented that “[t]he act of urination is inherently private.” In the present case, whether Miller’s observation of O’Donnell using the bathroom was substantial or serious interference with O’Donnell’s privacy is a question for the trier of fact, and summary judgment is not appropriate.
Next, Miller asserts that O’Donnell’s claim for emotional distress damages based on a violation of G.L.c. 214, §1B is barred by the exclusivity provision of the workers’ compensation act, G.L.c. 152, §24. Miller relies on Green v. Wyman-Gordon Co., 422 Mass. 551, 561 (1996), for his interpretation of the exclusivity provision.
Common law actions are barred by the exclusivity provision of the workers’ compensation act where “the plaintiff is shown to be an employee; his condition is shown to be a ‘personal injury’ within the meaning of the compensation act; and the injury is shown to have arisen ’’out of and in the course of . . . employment." Foley v. Polaroid Corp., 381 Mass. 545, 548-49 (1980), quoting G.L.c. 152, §26. Among the actions that are barred are claims against an employer for intentional and negligent infliction of emotional distress. Green, supra at 558. In Green, however, the Supreme Judicial Court reasserted its holding that “plaintiffs may recover for emotional injuries sustained in connection with claims that are not barred by the exclusivity provisions of the workers’ compensation act.” Id. at 560. Furthermore, the Court explained that claims for invasion of privacy are not compensable under the workers’ compensation act and so are not barred by its exclusivity provision. Id. at 560-61 (citing Foley, supra at 552-54; Madden’s Case, 222 Mass. 487, 492 (1916); see also DiGirolamo v. D.P. Anderson & Associates, Inc., Civil No. 97-3623, 10 Mass. L. Rptr. 137 (Middlesex Super.Ct. May 1999); Clemente. Sheraton-Boston Corp., Civil No. 93-0909F (Suffolk Super. Ct. Feb. 21, 1997) (concluding that emotional distress damages would be among the remedies available under G.L.c. 214, §1B). Accordingly, as a matter of law, Miller is not entitled to summary judgment on the issue of O’Donnell’s claim for emotional distress damages.
Count II of Plaintiffs Complaint: Constructive Termination
O’Donnell alleges in Count II that the conditions under which he worked were so intolerable that he was forced to resign. Miller seeks summary judgment on Count II and argues that O’Donnell voluntarily left Miller’s employ and was not constructively discharged. Even if O’Donnell could establish that he was constructively discharged, Miller’s argument continues, O’Donnell cannot prove that he was wrongfully discharged.[3]
The Supreme Judicial Court has stated that in order for constructive discharge to be found, “the trier of fact must be satisfied that the new working conditions would have been so difficult or unpleasant that a reasonable person in the employee’s shoes would have felt compelled to resign.” GTE Products Corp. v. Stewart, 421 Mass. 22, 34 (1995), quoting Rosado v. Santiago, 562 F.2d 114, 119 (1st Cir. 1977). Usually, *184 a single, isolated act of an employer will not be enough to support a constructive discharge claim. GTE, supra. In this case, assuming that O’Donnell establishes that Miller secretly videotaped or monitored him in violation of his privacy rights, the question whether O’Donnell was constructively discharged, i.e., whether his working conditions were so difficult or unpleasant that a reasonable person in his shoes would have felt compelled to resign, is a close question. Nevertheless, it is a question for the trier of fact and will not be decided on summary judgment.
Next, in his motion for summary judgment on the wrongful discharge issue, Miller argues that even if O’Donnell can prove that he was constructively discharged, he was an at-will employee and cannot show that his discharge violated a clearly defined public policy. O’Donnell contends, on the other hand, that Miller’s violation of the privacy statute constitutes a violation of a clearly defined public policy.
An at-will employee may sue a former employer for wrongful discharge when that discharge can be shown to be in violation of a clearly defined public policy. GTE, supra at 26; see Smith-Pfeffer v. Supt. of the Walter E. Fernald State Sch., 404 Mass. 145, 149-50 (1989) (violation of clearly defined public policy includes asserting a legally guaranteed right, doing what the law requires, or refusing to do that which the law forbids). Again, assuming that O’Donnell establishes that Miller secretly videotaped or monitored him in violation of his privacy rights, the question in this easels whether O’Donnell can show that some principle of public policy requires that Miller be held liable for discharging him.
I am not aware of any case that has specifically addressed this issue. However, in Cort v. Bristol-Myers Co., 385 Mass. 300, 306-07 (1982), the Supreme Judicial Court suggested that an employer’s violation of the privacy statute which results in discharge of an employee “could contravene public policy and warrant the imposition of liability on the employer for the discharge.” In Cort, the employer’s violation of the privacy statute arose in the context of a questionnaire which sought to obtain information from an employee in circumstances that constituted an “unreasonable, substantial, or serious interference with his privacy.” Id. The Supreme Judicial Court concluded that “the discharge of an employee for failure to provide such information could contravene public policy.” Id. at 307. Accordingly, I find that a triable issue exists on the issue of wrongful discharge and summary judgment is not proper.
Count I of Defendant’s Counterclaim: Breach of Contract
Miller alleges in Count I of his counterclaim that O’Donnell breached loan agreements with Miller by failing to repay more than $2000 that O’Donnell borrowed from Miller in 1997 and 1998. Miller seeks summary judgment on his breach of contract counterclaim, arguing that there is no genuine issue of material fact. However, Miller and O’Donnell disagree as to how much money has been repaid and as to the terms of repayment. These disputes create a genuine issue of material fact which defeats summary judgment. Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983).
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant’s motion for partial summary judgment be DENIED.

 There is some confusion in the record about whether the correct appellation is "one-way" mirror or “two-way" mirror. The mirror in question allows a person or camera behind the mirror to see through to what is in front of the mirror.

G.L.c. 214, §1B provides: “A person shall have a right against unreasonable, substantial or serious interference with his privacy. The superior court shall have jurisdiction in equity to enforce such right and in connection therewith to award damages.”

O'Donnell sued under a theory of "constructive termination.” In his memorandum in support of the motion for summaiy judgment, Miller addresses two theories: constructive discharge and wrongful discharge.