Troy, Paul E., J.
Paula Muldowney, R.N. (“Mul-downey”) filed the instant action against defendants American Health Services and American at Home (collectively “America”) and Eduardo Cora (“Cora”), for sexual harassment, sex discrimination, and retaliation in violation of G.L.c. 151B (Count I), intentional infliction of emotional distress (Count II), and assault and battery (Count III). The matter is before the court on Cora’s motion to dismiss pursuant to Mass.R-Civ.P. *659 12(b)(1) and (6). For the following reasons, Cora’s motion is DENIED as to all three counts.
BACKGROUND
Muldowney worked for America providing home health care to Cora, a quadriplegic. She alleges that Cora sexually harassed her between August 2000 and July 19, 2003, called her obscene names, watched pornographic movies and web sites when she was there, made inappropriate gestures, invited her to perform sexual acts on him, and indecently assaulted and battered her when he touched her breast and crotch.
DISCUSSION
Cora argues that the court lacks subject matter jurisdiction since he never got notice of Muldowney’s complaint filed with the Massachusetts Commission Against Discrimination (“MCAD”). He contends that she failed to exhaust her administrative remedies requiring dismissal of Count I. He further contends that Counts II and III are barred by the exclusivity provision of the Workers’ Compensation Act.
A. Notice of the MCAD Complaint
Muldowney filed her complaint with the MCAD on September 29, 2003, naming Cora as a respondent. On February 25, 2004, Muldowney amended her complaint to add another party and wrote Cora’s counsel enclosing the amended complaint. Cora’s counsel emailed back on March 2, 2004, saying that was the first he had heard of the MCAD complaint against Cora. At some later point the MCAD dismissed the case.[2] On November 4, 2004, Muldowney filed the instant action.
Cora, who is a quadriplegic, argues that he did not receive timely notice of the MCAD complaint and therefore did not have an opportunity to respond, participate in the investigation, or conciliate. He states he relies on others to get his mail and that lack of notice is fatal to Muldowney’s claim of sexual harassment, sex discrimination, and retaliation. Cora’s argument is unavailing.
Section 1.10(7)(b) of 804 C.M.R. states that it is the Commission’s responsibility to provide notice to respondents.[3] Although it is unclear whether MCAD actually fulfilled this requirement, it nevertheless is not the plaintiffs responsibility to ensure that the defendant be served. Furthermore, Cora had sufficient notice of the existence of the complaint when his counsel received a copy of the amended complaint attached to a letter dated February 25, 2004. If he had wanted to participate in any investigatory or conciliatory procedure prior to the filing of the civil action, nine months later, he could have done so. See Femino v. Data Technology, Inc., 2001 WL 1809807 at *4 (Mass.Super.Ct. December 11, 2001) (Borenstein, J.) (14 Mass. L. Rptr. 273) (where the court found that the respondent, who never received a copy of an amended complaint adding his name, had actual knowledge from a co-worker that he was the subject of the amended complaint and therefore had ample opportunity to conciliate from that time until the civil action was filed a little over a year later).[4] All the cases cited by Cora are inapposite, since they all find that a respondent who is not named in the complaint does not have sufficient notice. Cora was named in both the original and amended complaints.
Since it is the MCAD that is required to serve notice of a discrimination claim against a respondent, and since Cora had the opportunity to participate in the investigations and any conciliation because he had actual knowledge of the complaint nine months prior to the filing of the instant action, his motion to dismiss Count I should be denied.
B. The Exclusivity of the Workers’ Compensation Act
Cora argues that Counts II and III of Muldowney’s complaint, alleging intentional infliction of emotional distress and assault and battery, should be dismissed pursuant to Mass.RCiv.P. 12(b)(6). He contends that both claims are barred by the exclusivity provision of the Workers’ Compensation Act, G.L.c. 152, §24. Cora’s argument is without merit.
Section 24 of G.L.c. 152 bars actions brought against an employer for intentional torts committed within the scope of the employment. Thus a separate claim for intentional infliction of emotional distress alleged against either an employer or a co-employee is barred. Green v. Wyman-Gordon Co., 422 Mass. 551, 558 (1996). Although it is undisputed that Muldowney was acting within the scope of her employment when she was caring for Cora, she was employed by American Health Services, Inc., not by Cora. Only a claim against an employer is barred by the Workers’ Compensation Act. Doe v. Purity Supreme, Inc., 422 Mass. 536, 566 (1996) (where the court stated “the exclusivity provision of the workers’ compensation act also precludes an action against an employer for negligent and intentional infliction of emotional distress arising out of sexual harassment in the workplace” (emphasis added)).
Furthermore, there is no evidence that Cora was either an agent of American Health Services or a co-employee. Cora argues that, because Muldowney claims that American is vicariously liable for the actions of its supervisors and agents, she is treating Cora as an agent of American. However only Count I, for a violation of G.L.c. 15 IB, includes American as a defendant. Muldowney contends in her complaint that she reported Cora’s behavior to her supervisors, who failed to take action. Therefore, she is asserting vicarious liability relative to Count I only. Muldowney’s claims for intentional infliction of emotional distress and assaultand battery, Counts II and III, are separate and distinct common-law tort claims asserted against Cora only. Since Cora is not an employer, agent or *660 co-employee, those claims are not barred by the exclusivity provisions of G.L.c. 152, §24.

ORDER

It is ORDERED that the defendant’s motion to dismiss be DENIED as to Counts I, II, and III.

It is unclear from the record exactly when the MCAD dismissed the case, although Muldowney states it was “many months later.”

 804 C.M.R. §1.10(7)(b) reads: “[u]pon the authorization of a formal investigation pursuant to 804 C.M.R. 1.13(1) a written notice acknowledging the filing and advising the Respondent of his or her procedural rights and obligations shall be promptly served on each Respondent named in the Complaint in the manner provided in 804 C.M.R. 1.08(1).”

Cora’s use of Femino to support his argument is inappo-site.