Wilkins, Douglas H., J.
After hearing, the Defendants’ Partial Motion to Dismiss is ALLOWED IN PART AND DENIED IN PARTAS FOLLOWS.
With respect to each count, the only question at this early stage of the proceeding is whether the challenged counts and the facts incorporated therein plausibly show that the plaintiff is entitled to relief. Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008). The well pled facts in the complaint are taken as true for present purposes. Id. The rules of pleading do not require naming specific statutes and legal theories, as opposed to the facts underlying those theories. Pon-tremoli v. Spaulding Rehabilitation Hosp., 51 Mass.App.Ct. 622, 626 n.4 (2001), quoting Whttins-ville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979) (“It is not fatal to the complaint that [the statute in question] was not specifically pleaded ... ‘[A] complaint is not subject to dismissal if it would support relief on any theory of law’ ”) (emphasis in original).
1. The Motion is ALLOWED IN PART with respect to Count I. The portion of Count I seeking damages for employment discrimination are dismissed because G.L.c. 15IB provides the exclusive remedy for such claims. G.L.c. 151B, §9. See Green v. Wyman-Gordon Co., 422 Mass. 551, 555 (1996); Charland v. Muzi Motors, Inc., 417 Mass. 580, 586 (1994).
The Motion is DENIED IN PART with respect to all injunctive relief sought under Count I and all damages sought for acts not constituting employment discrimination. G.L.c. 258E provides a civil damages remedy for harassment, including “an order that the defendant . . . pay the plaintiff monetary compensation for the losses suffered as a direct result of the harassment” including but not limited to loss of earnings, out-of-pocket losses and the like. G.L.c. 258E, §3(a)(iv). To the extent that the defendant’s motivation for some or all of his acts may not have been discriminatory, the exclusivity provisions of G.L.c. 258E, §9 do not apply. Given the lack of any requirement to plead legal theories, the court construes tire allegation that the defendant has engaged in criminal harassment under G.L.c. 25, §43A as pleading one form of “harassment” specifically incorporated in the definition set forth in G.L.c. 258E, §1 for purposes of providing a civil remedy. That allegation does not reflect an attempt to prosecute or otherwise enforce the criminal laws directly and therefore cannot be dismissed for lack of standing. See Victory Dist., Inc. v. Ayer Division of the District Court Dept., 435 Mass. 136, 140-42 (2001). Likewise, the court construes the allegation of a violation of G.L.c. 258E, §3 as an allegation that the defendant has engaged in “harassment” that triggers remedies under §3.
The court also construes G.L.c. 258E as providing a comprehensive remedial scheme designed to provide *448 a quick and effective means of obtaining equitable relief to prevent harassment. G.L.c. 151B, §5 permits application to the court for injunctive relief pending the MCAD’s determination, granting the court “power to grant such temporary relief or restraining orders as it deems just and proper.” Where G.L.c. 258E was enacted after G.L.c. 151B, the two statutes may be harmonized completely by allowing anti-harassment complaints to proceed with respect to injunctive relief, regardless of exhaustion of administrative remedies. The Court therefore does not dismiss claims for equitable relief under G.L.c. 258E even for acts otherwise within the scope of G.L.c. 151B, §4.
2. The Motion is ALLOWED IN PART with respect to the portions of Count II that seek damages for acts constituting discrimination covered by G.L.c. 151B. Since the Massachusetts Civil Rights Act, G.L.c. 12, §111 provides a statutory remedy not known to the common law, they are preempted by the exclusivity provision of G.L.c. 151B, §9 for the same reasons as the comparable damages claims under G.L.c. 258E.
The complaint includes allegations not amounting to discrimination under G.L.c. 151B, §4. All of the acts alleged may also be outside c. 15IB preemption to the extent that, in the alternative, they are found not to be motivated by discrimination. The Motion is therefore DENIED IN PART with respect to all actions not amounting to, or motivated by, unlawful discrimination addressed in G.L.c. 151B, §4.
3. The Motion is ALLOWED without opposition for the reasons stated on pages 7-9 of the memorandum in support of the Motion. Count VI is dismissed in its entirety.