Lauriat, J.
The plaintiff, Ludovic DeBarboza (“DeBarboza”), brought this action against his former employer, Cablevision of Boston, Inc. (“Cablevision”), alleging discrimination, retaliation, intentional and negligent infliction of emotional distress, and wrongful discharge. On January 12, 1999, this matter was before the court for. a hearing on the defendant’s motion to dismiss Count II (Violation of G.L.c. 93, § 102(a)); Count IV (Violation of G.L.c. 151B, §4(5) as to Aiding and Abetting); Count V (Intentional Infliction of Emotional Distress); Count VI (Negligent Infliction of Emotional Distress); and Count VII (Wrongful Discharge). After hearing, and upon consideration of the memoranda and arguments of counsel, the defendant’s motion is allowed in part and denied in part.
BACKGROUND
The complaint alleges the following facts. In the Spring of 1997, DeBarboza accepted a full-time position with Cablevision as a field sales manager. In or about September of 1997, DeBarboza made various complaints regarding discriminatoiy practices within Cablevision with respect to work assignments. Specifically, DeBarboza brought to the attention of his superiors the fact that minority field sales representatives were not being assigned lucrative sales presentations at various colleges. Subsequently, Cablevision, through its various employees, targeted DeBarboza and retaliated against him for opposing its discriminatory practices and engaged in discriminatory practices against DeBarboza on the basis of his race, color and/or national origin. DeBarboza also experienced incidents of disparate treatment with regard to written reprimands; he received them while others did not.
In January of 1998, DeBarboza was placed on a performance improvement plan at Cablevision. DeBarboza’s supervisor cited “communication problems" as a factor for having placed DeBarboza on the plan. Despite DeBarboza’s efforts to increase communication between himself and the staff of Cablevision, on April 10, 1998, DeBarboza was terminated by Cablevision, allegedly due to communication and performance problems. DeBarboza claims that Cablevision discriminated against him throughout his brief employment on the basis of his race, color, and/or national origin with respect to his compensation, and terms, conditions and privileges of employment.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must *540 accept as true the well pleaded factual allegations of the complaint, as well as any reasonable inferences which can be drawn therefrom in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). The “complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). All inferences should be drawn in the plaintiffs favor, and the complaint “is to be construed so as to do substantial justice . . .” Ourfalian v. Aro Mfg. Co., 31 Mass.App.Ct. 294, 296 (1991). “[A] complaint is not subject to dismissal if it would support relief on any theory of law.” Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
Count II: Violation of G.L.c. 93, §102(a)
Cablevision contends .that DeBarboza is precluded from bringing a claim pursuant to G.L.c. 93, §102(a) (Massachusetts Equal Rights Act) because the remedy provided by this statute is not available to persons with a potential claim under G.L.c. 151B. Cablevision claims that DeBarboza is attempting to reinforce his G.L.c. 151B claim (Count I) by asserting a claim under the Equal Rights Act. This argument, however, is not persuasive.
This court has previously held that where a plaintiff has met the administrative requirements of G.L.c. 15 IB, he may thereafter pursue other statutory remedies, including G.L.c. 93, §102, against his employer in court. O'Brien v. Avis Rent a Car System, Inc., 6 Mass. L. Rptr. 567, 1997 WL 260515 (Mass. Super. Ct. April, 1997); see also Charland v. Muzi Motors, Inc., 417 Mass. 580 (1994); Clarke v. Kentucky Fried Chicken of California, Inc., 57 F.3d 21 (1st Cir. 1995); Jancey v. School Committee of Everett, 421 Mass. 580 (1995). There is no dispute that DeBarboza has met the administrative requirements of G.L.c. 151B and, therefore his claim, under G.L.c. 93, §102 must survive Cablevision’s motion to dismiss.
Count IV: Violation of G.L.c. 15 IB, §4(5)
DeBarboza alleges a violation of G.L.c. 151B, §4(5), which makes it unlawful for “any person, whether an employer or an employee ... to aid, abet, incite, compel or coerce” a violation of G.L.c. 151B. Cablevision contends that this claim must be dismissed because the statute does not apply to Cablevision, as an employer. The court disagrees with Cablevision’s contention that an employer cannot be held liable as a principal discriminator and an aider and abettor of discrimination at the same time. It is possible to envision a situation where an employer discriminates and, at the same time, encourages someone to do likewise.
However, the court finds that DeBarboza’s claim must fail because he fails to allege the person or persons that Cablevision allegedly aided or abetted in violation of G.L.c. 151B, §4(5). The claim merely asserts that Cablevision violated the provision through the actions of its various employees. All of the discriminatory actions allegedly taken against DeBarboza were direct actions of Cablevision. Count IV must therefore be dismissed.
Counts V and VI: Intentional and Negligent Infliction of Emotional Distress
Counts V and VI, which allege negligent and intentional infliction of emotional distress, must also be dismissed. As plaintiffs counsel conceded at the hearing, the “exclusivity clause” of the workers’ compensation act, G.L.c. 152, §24, bars these claims. See Green v. Wyman-Gordon Co., 422 Mass. 551, 558 (1996); Brown v. Nutter, McClennen & Fish, 45 Mass.App.Ct. 212 (1998). DeBarboza, however, is not left without a remedy. General Laws c. 15IB authorizes damages for emotional distress suffered by an employee as a result of conduct in violation of its provisions, even where common law claims for such harm would be barred by the workers’ compensation laws.
Count VII: Wrongful Discharge
DeBarboza alleges in his complaint that he was wrongfully discharged as a result of his complaints regarding discriminatoiy practices at Cablevision and his attempts to remedy the problem. Cablevision contends that Massachusetts bars a common law action for wrongful discharge based on public policy when a statutory remedy is available to the plaintiff. Thus, Cablevision asserts that DeBarboza’s common law wrongful discharge claim is precluded by G.L.c. 151, §4(4), which provides DeBarboza with a statutory remedy for a claim of retaliatory discharge.
Massachusetts disfavors the creation of duplica five remedies and does not allow a common law employee discharge claim based on public policy in cases where a comprehensive legislative remedy is available to the plaintiff. Melley v. Gillette Corp., 19 Mass.App.Ct. 511, 512-14 (1984). Common law public policy claims are barred in wrongful discharge cases where a state statutory remedy for the alleged public policy violation is available and provides a private cause of action. See Melley, 19 Mass.App.Ct. 511, Gram v. Liberty Mut. Ins. Co., 384 Mass. 659, 671 (1981), Foley v. Polaroid Corp., 381 Mass. 545, 553 (1980), Mello v. Stop & Shop Companies, Inc., 402 Mass. 555, 556-57 (1988). Because DeBarboza has a remedy for wrongful discharge based on retaliation pursuant to G.L.c. 151B, §4(4), as alleged in Count III of his Verified Complaint, his common law claim for wrongful discharge must be dismissed.
ORDER
For the foregoing reasons, the Defendant’s Partial Motion To Dismiss The Complaint is ALLOWED as to Counts IV, V, VI and VII and DENIED as to Count II.