Haggerty, S. Jane, J.
The plaintiff, Donald E. Sullivan, (“Sullivan”),[1] brought claims against Raytheon Company (“Raytheon”), alleging: (1) employment discrimination based on age, disability or retaliation by Raytheon, and (2) violation of G.L.c. 93, §103.[2] The matter is before the court on Raytheon’s motion for summary judgment.
After hearing the parties’ arguments, and upon consideration and review, the defendant’s motion for summaiy judgment is ALLOWED.

BACKGROUND

This dispute arises because Raytheon declined to rehire Sullivan as a security guard following his request for reinstatement in September of 2001. At this summaiy judgment stage, the undisputed material facts are reported in the light most favorable to the plaintiff. Anderson Street Associates v. City of Boston, 442 Mass. 812, 816 (2004), citing Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991).
Raytheon employed Sullivan until May 2001 when the parties settled a workers’ compensation claim. Raytheon initially hired Sullivan in 1965 as a security guard. Sullivan suffered a series of industrial accidents while employed by Raytheon. Sullivan’s first industrial accident occurred in 1971. He missed no time from work due to this accident. Sullivan was injured again in 1978 and was forced to miss months from work due to his injuries. In 1984, Sullivan was injured again in an industrial accident, which forced him out of work for a year, during which time he received workers’ compensation. In March 1988, Sullivan suffered a fourth accident, which did not result in significant time off from his job. In May 1988, Sullivan was injured again and forced out of work for a year, during which time he received workers’ compensation.
Upon returning to work in May 1989, Sullivan requested a reasonable accommodation for his disability, which he claims was not granted. In 1989 and 1990 Sullivan began to miss work more frequently than Raytheon deemed acceptable. In June 1990, Raytheon warned Sullivan about his excessive absences and eventually suspended him for 30 days in September 1991. In March 1992, Raytheon terminated Sullivan for excessive absences. Thereafter, Sullivan filed a grievance with his union, which went before an arbitrator in August 1995. The arbitrator determined that Raytheon lacked “just cause” for Sullivan’s termination. Sullivan was not awarded back pay because the arbitrator deemed him disabled. The arbitrator ordered Raytheon to reinstate Sullivan so that he could apply for long-term disability benefits as a current employee. Upon the disposition of Sullivan’s application, the arbitrator expressly allowed Raytheon to adjust Sullivan’s employment status.
Sullivan applied for long-term disability benefits on November 10, 1995. On March 15, 1996, Metropolitan Life denied Sullivan. After being advised by Raytheon to reapply with a different date on his application, Sullivan applied again on April 16, 1996. On June 15, 1996, Sullivan requested that Raytheon either return him to his position or give him long-term disability benefits. On October 15, 1997, Metropolitan Life, the insurer for the disability benefit program, denied Sullivan long-term disability benefits because he was not deemed “totally disabled.” Metropolitan Life found that although Sullivan could not perform his job as a security guard, he could perform sedentary work.
At the same time, Sullivan and Raytheon were engaged in a workers’ compensation dispute regarding Sullivan’s absenteeism since 1988. An administrative law judge (“ALJ”) from the Department of Industrial Accidents (“DIA”) determined that Sullivan was: (1) “partially disabled”[3] from March 22, 1992 to October 11, 1994; and (2) “temporarily totally disabled”[4] from October 12, 1994 and “continuing.” The ALJ expressly found that Sullivan was not “permanently totally disabled” at the time of his decision, August 10, 1995. The ALJ ordered Raytheon to pay a $185,000 lump sum settlement, $110,000 of which went directly to Sullivan.
In July 1992, Sullivan filed a discrimination claim with the Massachusetts Commission Against Discrimination (“MCAD’j, which he later withdrew and filed with the Middlesex Superior Court. The court entered summary judgment for Raytheon. The court’s order was affirmed by the Massachusetts Appeals Court in *163 1996 in Sullivan v. Raytheon, 41 Mass.App.Ct. 1106 (1996).
In June 1996, Sullivan requested reinstatement, which Raytheon denied. Thereafter, Sullivan filed a second discrimination claim with MCAD, which he eventually withdrew and refiled at the Middlesex Superior Court. That discrimination claim was based upon age and disability discrimination, retaliation, violation of G.L.c. 152 as well as a violation of the Employee Retirement Income Security Act.[5] The case was removed to Federal District Court, which dismissed Sullivan’s claims of retaliation and violation of G.L.c. 152. Summary judgment was entered for Raytheon on the remaining claims. The First Circuit affirmed.
In September 2001, Raytheon denied Sullivan’s second request for reinstatement. Subsequently, Sullivan filed a third discrimination claim with MCAD that is the subject of this litigation. He eventually withdrew his claim from MCAD and filed it in Middlesex Superior Court. The case was then removed to Federal District Court, which dismissed Sullivan’s third count, and remanded to this court on the remaining two counts.

II. DISCUSSION

Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Corrections, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). The mere assertion of a genuine factual dispute by the nonmoving party, “absent factual material upon which the assertion might be proved, is not sufficient to defeat summary judgment.” Massachusetts Municipal Wholesale Electric Co. v. City of Springfield, 49 Mass.App.Ct. 108, 113 (2000).

A. Sullivan’s Claims of Discrimination Based on Disability

Sullivan alleges that Raytheon discriminated against him based on age and disability. Sullivan has the initial burden to establish a prima facie case of unlawful employment discrimination based on handicap by presenting evidence that: (1) he is handicapped; (2) he is a qualified handicapped person and he applied for a position for which Raytheon was seeking applicants; (3) the employer refused to rehire the plaintiff in spite of his qualifications; (4) after Raytheon refused to rehire Sullivan, the position remained open and Raytheon continued to seek applicants. See Beal v. Board of Selectman of Hingham, 419 Mass. 535, 541 (1995), citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973) (additional citations omitted).
To prevail on this claim, Sullivan must rebut the presumption that he is not a “qualified handicapped person.” A “qualified handicapped person” is someone “who is capable of performing the essential functions of a particular job, or who would be capable of performing the essential functions of a particular job with a reasonable accommodation of his handicap.” Beal, 419 Mass, at 541-42, quoting G.L.c. 151B, §1(16). As a recipient of a workers’ compensation lump sum settlement, Sullivan is presumed to be “physically incapable of returning to work” under G.L.c. 152, §48(4).[6]
As a general rule, recipients and/or applicants for disability benefits are not barred from claiming they are able to perform the essential functions of a job. See Cleveland v. Policy Management Systems Corp., 526 U.S. 795, 805 (1999); Griggs v. Hardwick Knitted Fabrics, Inc., 2000 WL 781857 *6 (Mass.Super.) (11 Mass. L. Rptr. 577). The courts in Griggs and Cleveland articulated an undemanding standard for plaintiffs to explain the facial inconsistency of such a claim. Griggs, 2000 WL 781857 at *6, citing Cleveland, 526 U.S. at 807 (holding a mere request for an accommodation enough to explain facial inconsistency with application for or receipt of disability benefits). Here, Sullivan requested an accommodation for his disability, and thus, he would satisfy the undemanding standard articulated by Cleveland and applied in Griggs.
However, the courts in Cleveland and Griggs were not presented with a legislatively imposed presumption that the plaintiff is unqualified. Sullivan’s lump sum settlement with Raytheon included “a right to future weekly payments,” which creates a presumption that Sullivan remains disabled until August 4, 2006.[7] The presumption in §48(4) creates a more demanding standard for Sullivan to establish that he is, in fact, a “qualified handicapped person.” Even if the §48(4) presumption is not deemed irrebuttable,[8] Sullivan must present some countervailing facts to overcome the statutory presumption. See Zelman v. Gregg, 16 F.3d 445, 447 (1st Cir. 1994).
Sullivan relies solely upon his request for an accommodation as an explanation for the apparent inconsistency. A number of items conflict with Sullivan’s otherwise bald assertion that he is “qualified.” Examples include: (1) the determination of the ALJ that Sullivan was “totally disabled”; Sullivan’s own statements that he remained unimproved from 1992 for *164 ward; (3) his application for long-term disability claiming an inability to work; (4) his application and receipt of Social Security Disability Insurance; and (5) his federal tax returns which describe his occupation as disabled. This court concludes Sullivan has not presented countervailing facts to explain these inconsistencies. As a recipient of a lump sum workers’ compensation settlement, the presumption of §48(4), at a minimum, requires Sullivan to present some facts to rebut the presumption.[9] Sullivan has failed to establish a prima facie case of discrimination under 15 IB because Sullivan is not a “qualified handicapped person” under the statute. Accordingly, Raytheon did not discriminate against Sullivan based upon disability and summary judgment is appropriate.[10]

B. Sullivan's Claim of Retaliation

Sullivan alleges Raytheon retaliated against him for filing claims with MCAD.
In order to establish a prima facie case of retaliation, Sullivan must show; (1) that he engaged in conduct protected under Massachusetts or federal law; (2) he “suffered an adverse employment action” and (3) “a causal connection existed between the protected conduct and the adverse action.” Sullivan v. Raytheon Co., 262 F.3d 41, 48 (1st Cir. 2001), citing McMillan v. Mass. Soc’y for the Prevention of Cruelty to Animals, 140 F.3d 288, 309 (1st Cir. 1998).
Sullivan cannot establish the necessary causal connection between any protected conduct and Raytheon’s adverse action, not rehiring Sullivan. To succeed on a claim of retaliation, a plaintiff must demonstrate that the “desire to retaliate” was “the determinative factor” in an employer’s decision to take adverse action against an employee. Tate v. Dept. of Mental Health 419 Mass. 356, 364 (1995), citing Ryan v. Raytheon Data Sys. Co., 601 F.Sup. 243, 247 (D.Mass. 1984). An employer must have knowledge of an employee’s protected conduct before it can retaliate. See Locke v. Sales Consultants of Boston, 13 Mass. L. Rptr. 164,2002 WL 716911 *5 (Mass.Super.) (noting absence of evidence that employer knew of protected conduct). Accordingly, an employee must take some affirmative action before that employee can suffer retaliation. See Morris v. Boston Edison Company, 942 F.Sup. 65 (D.Mass. 1996) (dismissing claim of retaliation because plaintiff did not file a complaint prior to alleged adverse action).
Here, Sullivan filed his third MCAD claim after he was denied reinstatement by Raytheon. Raytheon’s failure to rehire could not be in retaliation for a complaint which had not yet been filed. Sullivan’s protected action occurred after the adverse employment action and therefore the retaliation claim must fail as a matter of law. See Sullivan, 262 F.3d at 49.[11]
C. Sullivan’s Claim under G.L.c. 93, §103 of the Equal Rights Act
Sullivan alleges that Raytheon’s conduct violated G.L.c. 93, §103, a provision of the Equal Rights Act, which provides equal rights to persons regardless of age or handicap. Raytheon argues that G.L.c. 151B, §9 is the exclusive remedy for employment discrimination claims and therefore preempts Sullivan’s claim under c. 93, § 103.[12] Sullivan, however maintains that c. 15 IB does not exclude alternative remedies for discrimination, highlighting the fact that he first filed a charge of discrimination with the Massachusetts Commission Against Discrimination.
Under Massachusetts law, G.L.c. 15 IB provides an exclusive remedy for causes of action involving employment discrimination not based on preexisting tort law or constitutional protections. Green v. Wyman-Gordon Co., 422 Mass. 551, 555 (1996); Charland v. Muzi Motors, Inc., 417 Mass. 580, 586 (1994). Thus, where applicable, allegations of employment discrimination are handled within the procedural framework of G.L.c. 151B and are not always afforded alternate statutoiy protection, such as through the Equal Rights Act. See Charland, 417 Mass. 585-86.
For example, in Charland, the court concluded that the plaintiff did not have an alternative claim for employment discrimination under the Equal Rights Act because “[i]n view of the carefully crafted procedures of c. 151B, it is unlikely that, in adopting the Equal Rights Act, the Legislature intended to create a parallel and competing alternative to dealing with the problem of employment discrimination in the Commonwealth.” Charland, 417 Mass. at 584. Therefore, “if a remedy under c. 15 IB is available to a plaintiff, he may not pursue a remedy under c. 93, §103 . . . [and] should a judge decide that c. 15 IB is or was available to the plaintiff, the plaintiff would have no viable c. 93, §103 claim. Agin v. Federal White Cement, Inc., 417 Mass. 669, 672 (1994). Thus, where G.L.c. 15 IB is applicable, a new common-law remedy for employment discrimination may not be created. See Charland, 417 Mass, at 584. As such, where plaintiffs additional common-law claims are ’’merely recast versions of [his discrimination] claim under c. 151B, they are barred by that statute’s exclusivity provision." Green, 422 Mass. at 558.
Count II of Sullivan’s complaint, alleging an Equal Rights Act violation, mirrors the allegations of his G.L.c. 151B claim by “reiterating] the allegations contained in Count I of the complaint.” Count I of Sullivan’s complaint alleges a violation of G.L.c. 15 IB. In essence, Sullivan’s claim under the Equal Rights Act is a refashioning of his G.L.c. 15IB claim, and therefore, is barred under the exclusivity principalis enunciated in Charland and Green. While it is true that “where a Plaintiff has met the administrative requirements of c. 151B, he may thereafter pursue other statutoiy remedies including c. 93, §103, against his *165 employer in Court,” plaintiff cannot take advantage of the broad remedial scheme of G.L.c. 15 IB and bring the same action under the Equal Rights Act where G.L.c. 15 IB is the exclusive remedy. Debarboza v. Cablevision of Boston, Civil No. 98-4211 (Essex Super.Ct. January 29, 1999) (Lauriat, J.) (9 Mass. L. Rptr. 539); Green, 422 Mass. at 558; Agin, 417 Mass. at 672. As G.L.c. 15IB provides the applicable exclusive statutory remedy for Sullivan’s employment discrimination claim, his claim under G.L.c. 93, §103 fails as a matter of law.

ORDER

For the foregoing reasons, the defendant’s motion for summary judgment is ALLOWED as to Count I (Violation of G.L.c. 15 IB) and Count II (Violation of G.L.c. 93, §103).

 It remains an open issue whether, a claim under G.L.c. 15 IB survives the death of a party. See Alba v. Raytheon, 441 Mass. 836, 838 n.5 (2004) (commending the issue to the legislature’s attention). The evidence presented here allows for resolution without resolving this question. The court notes that Mr. Sullivan died prior to the resolution of this litigation.

 A third claim for a violation of G.L.c. 152, §75B was dismissed by the Massachusetts Federal District Court as preempted by the Labor Management Relations Act.

 This finding meant that the ALJ found Sullivan’s “physical incapacity had appreciably impaired his earning power as a normal worker in any employment.” See Dragon's Case, 264 Mass. 7 (1928).

 This finding meant that the ALJ found Sullivan was temporarily “unable to engage in any occupation, or obtain or perform any work for compensation or profit.” Cierri's Case, 379 Mass. 914 (1979) (additional citations omitted).

 29 U.S.C. §§1001 et seq.

 Section 48(4) of G.L.c. 152 provides that: “acceptance of any amount in return for the right to claim future weekly benefits shall create a presumption that the employee is physically incapable of returning to work with the employer where the alleged injury occurred. Such presumption shall continue for a period of one month for each fifteen hundred dollar amount included in the settlement for future weekly benefits. No re-employment rights shall inure to such employee under this chapter during any period of presumption of incapacity as herein provided.”

 This date is the product of applying §48(4). Sullivan’s weekly benefit tabulated in the workers’ compensation claim equaled $115.59. Payments started on August 1, 1998. The backward looking portion of the settlement therefore equals, $16,529.37 ($155.59 multiplied by 143 [the number of weeks between August 1, 1998 and the date of the decision, May 4, 2001]). The total forward looking benefits equal $93,470.63 ($16,529.37 subtracted from $110,000 [the total lump sum awarded to Sullivan]). The presumption of §48(4) continues one month for each $1,500 placed toward future benefits. Therefore, the presumption remains effective until August 4, 2006 ($93,470.63 divided by $1,500 = 63.313 months [from May 4, 2001]).

 At least one court has treated the presumption in §48(4) as irrebuttable. Goncalves v. Stop & Shop Super Market Corp., 2001 WL 1839718 (Mass.Super.).

 The court does not reach the issue whether the presumption imposed by G.L.c. 152, §48(4) is rebuttable or irrebuttable.

 Sullivan also claimed age discrimination in his complaint but has failed to assert any facts related to this claim. The analysis for Sullivan’s claim of disability discrimination is also applicable to Sullivan’s claim of age discrimination because in both cases Sullivan must show that he is “qualified,” which he has not demonstrated. See Sullivan, 262 F.3d at 48, citing Lehman v. Prudential Ins. Co. of Am., 74 F. 3d 323, 327-28 (1st Cir. 1996). Consequently, Sullivan has failed to raise a genuine issue of fact whether he suffered discrimination on the basis of age and the motion for summary judgment as to this claim is allowed.

 It is unclear from Sullivan’s complaint which MCAD filings he claims were the basis for his discrimination claim. Nonetheless, a claim based on his prior MCAD filings would similarly fall because the time span between Raytheon’s decision not to rehire Sullivan and these filings is too long to support an inference of causation. See Sullivan, 262 F.3d at 50, citing Mesnick v. Gen. Elec. Co., 950 F.2d 816, 828 (1st Cir. 1991).

 Section 9 provides that “as to acts declared unlawful by section four, the procedure provided in this chapter shall, while pending, be exclusive; and the final determination therein shall exclude any other action, civil or criminal, based on the same grievance of the individual concerned.”